## NORRIS vs. SMITH ET AL.

[BILL IN EQUITY FOR REFORMATION OF DEED.]

1. *Variance.*—Where the bill alleged, that the complainant's husband, in taking a deed for certain lands purchased by him, "desired that the deed should convey the title to her in such manner that she and her husband could unite in re-conveying the same at any time, and make a perfect title to the purchaser;" and the deed, as executed, conveyed to the complainant a separate estate in the lands for life, with remainder to the children of her and her husband, and to the child which each of them had by a former marriage; while the proof showed, that his instructions to the draughtsman were, "that he wanted the land conveyed to his wife, and in such manner that the three sets of children should inherit it,"—there is a fatal variance betweed the allegations and the proof.

APPEAL from the Chancery Court of Shelby.

Heard before the Hon. THOS. B. WETMORE, as special chancellor, appointed under the provisions of section 611 of the Code, in consequence of the incompetency of the Hon. J. R. JOHN to preside.

THE bill in this case was filed, on the 6th August, 1863, by Mrs. Mary A. Norris, the wife of Jasper J. Norris, (who sued by J. J. Norris as her next friend,) against the three children of said Mary A. and Jasper J. Norris, (all of whom were minors,) together with Fanny L. Norris, (who was a child of said Jasper J. by a former wife,) John S. Leach, (who was a child of said Mary A. by a former husband,) James H. Smith, and Eliza A. Smith, his wife. The object of the bill was to reform a deed of conveyance for certain lands, which were purchased by said Jasper J. Norris, from said Smith and wife. The deed, which was made an exhibit to the bill, and was dated the 6th December, 1861, purported to be made between said Smith and wife, as parties of the first part, "and Mary A. Norris, to her sole and separate use and benefit, for and during her natural life, and then to her children and the children of Jasper J. Norris, her husband, by their different marriages, of the second part;" and conveyed the land "to the said party of the second part." The following are the averments of the bill as to the mistake, on account of which a reformation of the deed was sought :

"Your orator further shows, that her said husband desired that the deed for said lands should convey the title to her, in such manner that she and her said husband could unite in re-conveying the same, at any time they might desire to do so, and make a perfect title to the purchaser of said lands; that her said husband attended to the preparation of the deed, and procured the services of John M. McClanahan, esq., to draw the deed; that said McClanahan drew the deed, a copy of which is hereto attached," &c.; "that your oratrix is unskilled in such matters, and her said husband has but little knowledge of conveyances and legal process; that she has been advised, and so charges, that said deed conveys to her only a separate

estate for life, and conveys the remainder to Fanny L. Norris" and the other children who are made defendants to the bill; " that it never was the intention of her said husband, or herself, to have the said deed so drawn as to convey to the said children any vested right to said lands. Your oratrix charges, that said deed, as prepared and executed, was so drawn and prepared by mistake; that she did not find out, until recently, that said children had a vested right in said land, and that she could only convey a life-estate in said lands, and that she and her said husband could not dispose of the said lands so as to give the purchaser a complete and fee-simple title. And she charges, either that her said husband gave improper and erroneous instructions by mistake, or that the draughtsman made a mistake in drawing the said deed. She is certain, and therefore charges, that said deed is not in accordance with the intentions of herself and husband, and that there was no motive to make it otherwise; that it is, therefore, the result of mistake."

To prove the alleged mistake, the complainant took the deposition of said John M. McClanahan, whose testimony on that point was in these words : " I am satisfied that a mistake did occur in the preparation of said deed—1st, in the instructions which Mr. Norris gave me; and, 2d, in my not explaining to him what would be the legal effect of the deed. In fact, the legal effect of the deed did not occur to me at the time. It was not the intention of Mr. Norris or myself to place the land beyond the control of Norris and wife during their life-time. Mr. Norris came to me, and told me, that he had purchased the Shelby Springs tract of land; that he had a child by a former marriage, and his wife had a child by a former marriage, and they had children who were the offspring of their marriage; and that he wanted the land conveyed to his wife, and in such manner that the three sets of children above specified should inherit the land. He gave as a reason for this, that he was in bad health, and entertained fears that he might die suddenly; that there was litigation pending against him, but he had means enough, outside of the place, to meet the litigation; but that he desired, in the event of his death,

that the three sets of children should inherit the land. The mistake was in this—that Mr. Norris attempted to do by deed what should have been done by will. I suppose that, if Mr. Norris had known the legal effect of the deed, it would have been to Mrs. Norris, or to Norris and wife."

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

J. R. JOHN, and S. LEIPER, for the appellant.—It is very clear from the testimony that the deed was not drawn according to the intention of the parties; and it is equally clear, from McClanahan's own testimony, that he did not understand the instructions, and did not know how to draw the deed. The evidence substantially sustains the allegations of the bill, and brings the case within the principle of the following decisions of this court: *Stone v. Hale,* 17 Ala. 561; *Whitehead v. Brown,* 18 Ala. 683; *Larkins v. Biddle,* 21 Ala. 252; *Trapp & Hill v. Moore & Borden,* 21 Ala. 693.

JUDGE, J.—The lands described in the bill in this case, were purchased by Jasper J. Norris, the husband of the complainant, and were paid for by Norris, out of his own means. At the time of the intermarriage of Norris with complainant, each had one child by a former marriage; and at the time of the execution of the deed, which is the subject of the suit, two children, the offspring of the intermarriage of Norris with complainant, had been born, and were living. It is averred in the bill, that, on the purchase of the lands from Smith, the husband of complainant "desired that the deed for the lands should convey the title to complainant, in such manner that she and her husband could unite in reconveying the same, at any time they might desire to do so, and make a perfect title the purchaser." It is not averred that this " desire" was communicated to the draughtsman of the deed, either before, or at the time of its preparation ; nor is it averred that any instructions were communicated to him as to how the deed should be drawn. It is averred that the deed, as executed, (and such perhaps is its legal effect,) conveys to the com-

plainant a separate estate for life only in the lands, with remainder over to the three sets of children above designated; and that such a conveyance of the lands was not in accordance with the intention of complainant and her husband, but was the result of mistake.

The evidence of McClanahan, the draughtsman of the deed, shows, that he was instructed by the husband of the complainant to draw the deed "in such manner that the three sets of children above specified should inherit the land;" "that he desired that, in the event of his death, the three sets of children should jointly *inherit* the land." It is not necessary to inquire whether, by mistake or accident, the deed was so drafted, as that it fails to accomplish the intention of the parties; the relief prayed for was properly refused, for the reason, if no other, that there is a want of correspondence between the allegations of the bill and the evidence. If a case be established by the evidence, it is inconsistent with the allegations of the bill, and there is' therefore, no error in the decree of the chancellor.—Shepherd's Digest, 242, § § 4, 5, 6.

Decree affirmed, with costs.

BYRD, J., not sitting.