## ELLERBE ET AL. *vs.* ELLERBE ET AL.

[BILL FOR SPECIFIC PERFORMANCE OF PAROL CONTRACT FOR SALE OF LAND.]

1. *Bills for specific performance.*—Under bills for specific performance of a contract, the rule is strictly enforced, that the proofs must correspond with the case made by the bill.

2. *Same; chancery court exercises a discretion.*—In such cases, the chancery court exercises a discretion, in refusing, or granting its aid, not an arbitary discretion, but one governed by well defined general rules and principles.

APPEAL from the Chancery Court of Dallas.
Heard before HON. JOHN Q. LOOMIS.

THE bill in this case was filed by John A. Ellerbe, Eliza E. Winn, (formerly Ellerbe,) and her husband, Henry J. Winn, (appellants,) on the 27th June, 1866, for the purpose of having specifically performed a parol contract for the sale of land. According to the allegations of the bill, on or about the 15th day of January, 1862, A. W. Ellerbe sold to complainants the land in the bill mentioned, being 925 99-100 acres, for the sum of $2,250, for which complainants executed their promissory notes; at the time of taking said notes, A. W. Ellerbe prepared a deed for the purpose of conveying to them the lands; the deed was written by A. W. Ellerbe, but was never signed; but he placed complainants in possession, which they have continued to hold, to the filing of the bill as their land, under said contract. Said notes, so given to A. W. Ellerbe, have not been paid, but they offer to pay the same in full. A. W. Ellerbe died in the month of April, 1865, having never executed the deed, and the bill is filed against his personal representative and heirs at law for a specific performance of the contract. From the answer and proofs, it appears that A. W. Ellerbe, in January, 1862, being desirous to make a gift, or donation, by way of advancement, to two of his children, John A. Ellerbe, and Eliza E. Winn, who

had arrived at full age, and being desirous that these two children should have the land described in the bill, because it was detached from his other lands, and he wished it to be owned jointly by the two children, made a plat of the land, drew a deed, and put the complainants into possession of the land; that A. W. Ellerbe had made an estimate of his estate, and in his opinion, it amounted to enough to enable him to give to J. A. Ellerbe and Eliza E. Winn this tract of land, less the amount of the four notes, required to be executed by Ellerbe and Winn, and that the payment of these notes would make their advancement equal to what he thought he would be able to give his other children; that the value of the land at the time of making the notes was $16,650, and the difference in the amount of the notes and the value of the land was $14,400; that the transaction was intended as an advancement to his two children by A. W. Ellerbe of the land, less the amount of the notes, and was made because he thought he would be able to give to each of his other children an amount equal to that advanced to these two, and they were put in possession of the land with this understanding, and for this purpose. The chancellor dismissed the bill, and this action is now assigned for error.

PETTUS & DAWSON, for appellants.

BYRD, J.—I. The appellants seek to enforce the specific performance of a parol contract of sale of land. No agreement, note, or memorandum thereof, expressing the consideration in writing and signed by the decedent, is relied on as a ground of the relief sought. Neither is there any allegation that the purchase-money, or a portion thereof, has been paid. The evidence shows that the appellants were put in possession, and that the land was in part an advancement to them, and that they gave their notes for the balance of the valuation. They do not rely for relief on the consideration as thus proven, but on their right as purchasers for a valuable consideration.—Revised Code, § 1862.

The parol contract, as set up in the bill, is denied by the answers, and the evidence sustains the contract as set up in the answer of Mrs. Ellerbe. The answers do not insist on the statute of frauds and perjuries, as a bar to the relief sought. But we think that the appellants have failed to prove the case made by the bill, and that the chancellor correctly dismissed it on the ground of variance between the allegations and proof. This rule is very strictly enforced in cases for the specific performance of contracts for sale of land. Besides, it has been said, that it is a matter of discretion on the part of the court to enforce the specific performance of contracts, and it is not a matter of right in either party. I speak not of a discretion unregulated by any legal rules, but of a sound and reasonable discretion, governed by well defined general rules and principles.— 2 Story Eq. 742.

We think that the chancellor exercised such a discretion in the dismissal of the bill. No fraud is alleged, and no injury set up as a ground of relief. Such allegations may not be necessary in all cases of this kind, but when omitted, or not proven if made, the court could very properly consider the omission or failure of proof, in making up an opinion on the propriety of granting the relief in such a case as is made by the record before us.—See 2 Story Eq. Ju., from § 755 to 760 ; §§ 769 and 771 ; *Gentry v. Rogers,* 40 Ala. 442.

Decree affirmed.