# Floyd *et al. v.* Ritter's Adm'r.

*Bill in Equity by Judgment Creditor of Administrator, against Sureties on Official Bond, and Fraudulent Grantee.*

1. *Variance between allegations and proof.*—Under a creditor's bill in equity, seeking to reach and subject lands alleged to have been fraudulently conveyed by two judgment debtors jointly, if the proof shows that the lands belonged to one of the defendants only, and were conveyed by him to the wife of his co-defendant, the variance between the allegations and proof is fatal to relief, unless cured by an amendment.

2. *Conclusiveness of judgment or decree as evidence.*—A decree rendered against an administrator, on final settlement of his accounts, however conclusive it may be against the sureties on his official bond, is not evidence, as against a prior grantee of one of the sureties, except of the fact and date of its rendition, and its amount.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 1st March, 1871, by Stephen Schuessler, as the administrator of the estate of Joseph Ritter, deceased, against Thomas J. Orme, late general administrator of said county of Montgomery; and against Mrs. Anne Floyd and John A. Floyd, as sureties on the official bond of said Orme; and against Mrs. M. A. Floyd, who was the wife of said John A. Floyd, and several other persons; and sought to reach certain lands, which were alleged to have been fraudulently conveyed by said Anne

[Floyd et al. v. Ritter's Adm'r.]

Floyd and John A. Floyd, to Mrs. M. A. Floyd and the other defendants whose names are not mentioned, and to subject them to the satisfaction of a decree for $2,896.24, which the complainant had obtained against said Orme, on the 10th October, 1870, in the Probate Court of said county, on final settlement of his accounts as administrator of the estate of said Joseph Ritter, which had been committed to him by virtue of his office as county administrator. It is impossible to make out a full statement of the facts, as the transcript is very confused, and in some places unintelligible. The opinion states all the material facts which are essential to an understanding of, the points decided. On final hearing, on pleadings and proof, the chancellor held, that, as to the lands which had been conveyed to the several defendants who were entitled to be considered purchasers for valuable consideration without notice, the complainant was not entitled to relief, but was entitled to relief as against Mrs. M. A. Floyd and the lands held by her. He therefore rendered a decree, declaring that Mrs. Floyd's lands were subject to the complainant's debt, and directing a sale by the register; from which decree Mrs. Floyd alone appeals, and here assigns it as error.

STONE & CLOPTON, for appellant.

ELMORE & GUNTER, contra.

BRICKELL, C. J.—The rule prevailing in courts of equity is, that pleading and proof must correspond. The relief granted must rest on the allegations of the bill, and the proofs which support them. It is not enough that the proofs show the plaintiff is entitled to relief,—that he has a just and meritorious demand, which it lies within the jurisdiction of the court to enforce : they must show he has the demand, preferred in the bill, and is entitled to relief on the ground therein stated.—*Craige v. Craige*, 6 Ired. Eq. 191. The rule and its reason, are thus stated in Story's Eq. Pl. § 257 "Every fact essential to the plaintiff's title to maintain the bill, and obtain the relief, must be stated in the bill, otherwise the defect will be fatal. For no facts are properly in issue, unless charged in the bill; and of course, no proofs can be generally offered of facts not in the bill; nor can relief be granted for matters not charged, although they may be apparent from other parts of the pleadings and evidence ; for the court pronounces its decree *secundum allegata et probata*. The reason of this is, that the defendant may be apprised by the bill what the suggesions are, against which he

is to prepare his defense." This court said, in *McKinley v. Irvine*, 13 Ala. 694: "Nothing is in issue, except such facts as are charged in the bill; and all proof of facts not stated, either generally or circumstantially, must be regarded as without the issue, and consequently irrelevant, and a decree on such facts cannot be supported."

The equity of the bill in the present case consists in the allegations, that the complainant is the creditor of Anne and John A. Floyd, and that they, having been seized of lands which would have been subject to an execution at law, issuing on the decree rendered in favor of complainant against their principal, Orme, made a fraudulent conveyance or conveyances of these lands, to hinder, delay, and defraud their creditors. The proof in support of these allegation is, that Anne Floyd alone had title to, or interest in these lands, and alone made to Mrs. M. A. Floyd a covenant or obligation to convey them to her on the payment of the purchase-money. There was at one time a verbal understanding between Anne and John A. Floyd, that he should have a half-interest in the lands, in satisfaction of a debt due him from his deceased brother, who had devised the lands to said Anne. The agreement was never reduced to writing, and was finally repudiated by said Anne, before making the sale to M. A. Floyd, and executing to her the obligation to make title.

There is a variance between the pleading and proof, plain and palpable. The case made by the proofs is not that made by the pleading, against which the appellant M. A. Floyd was notified to defend, and to collect testimony to meet. She could well stand on a denial of the facts stated in the bill—facts she knew had no existence. The title to the lands she had and claimed is not assailed, and all evidence in reference to it is without the issue which has been formed, and irrelevant and inadmissible.

In *Scott v. Dansby*, 12 Ala. 714, a bill was filed to subject property, supposed to belong to a partnership, to the payment of a partnership debt; the proof was, that the property belonged to one of the partners individually; and relief was refused, because of the variance between the pleading and proof. So, in *Flake v. Day*, 22 Ala. 132, the bill averred a fraudulent sale of partnership property, to hinder and delay creditors; and the proof showing the property belonged to one of the partners individually, the variance was held fatal to a decree rendered in favor of the complainants. The decree rendered does not subject lands which were owned jointly by Anne and John A., and which they had jointly conveyed. It is not founded on the allegations of the bill, but on evidence variant from, and contradictory of them. The

[Floyd et al. v. Ritter's Adm'r.]

relief granted may be that which would have been appropri-
ate, if the facts proved had been averred; but it is not the
relief prayed, and it is granted on a state of facts not found
in the pleadings, which the alienee of Anne Floyd has never
been required to meet. The contract the decree avoids, is
not that she has been apprised would be impeached, and she
must support if she could.—*Bellows v. Stone,* 14 N. H. 175;
*Deniston v. Little,* 2 Sch. & Lef. 10, note *a.* Under the facts
averred, John A. Floyd was a necessary party, as one of. the
fraudulent grantors. The proof relieves him from the impu-
tation of fraud, because of his alienation of lands subject, if
not conveyed, to the decree in favor of complainant, and he
is a proper party only as the husband of M. A. Floyd, and
a joint debtor with Anne Floyd. His whole connection with,
and relation to the case made by the bill, is changed by the
proof. The variance compels a reversal of the decree. In
the court below, an amendment of the bill may be made,
conforming its allegations to the evidence.—*Bellows v. Stone,*
*supra.*

The standing of the appellee in a court of equity—his
right to relief, to impeach and set aside the conveyance to
Mrs. M. A. Floyd—is dependent upon the fact that he was a
creditor of John A. and Anne Floyd; that prior to, and at
the time of the conveyance, they owed him the debt claimed
of them. The only evidence of this indebtedness, found in
the record, is the decree against Orme, rendered on the 10th
day of October, 1870, nearly four years after the purchase
under which Mrs. M. A. Floyd claims the lands. The gen-
eral rule, that a vendee is not affected by the acts, or the ad-
missions, verbal or written, of record, or less solemn, of the
vendor, is not disputable. Without now considering the ef-
fect of this decree as evidence against the vendors, if to it
the conclusiveness against them claimed by the appellee is
conceded, it is not evidence against M. A. Floyd, of any fact
except its own rendition. She does not stand in the relation
of a party or privy to it. Judgments are not evidence of the
facts on which they may be based, except between the im-
mediate parties, and their privies in fact or in law. This
decree is not evidence against Mrs. M. A. Floyd, of any in-
debtedness from John A. and Anne Floyd, prior to the time
of its rendition; and, of consequence, did not authorize the
appellee to assail the conveyance to her.—*Dubose v. Young,*
14 Ala. 139; *Snodgrass v. Br. Bank Decatur,* 25 Ala. 161;
*Viller v. Johnson,* 37 Md. 6. The decree, consequently, is
without the evidence necessary to support it.

The errors we have pointed out compel a reversal of the
decree. They may be cured in the Court of Chancery, and

another hearing had, on a fuller disclosure of the facts, and pleadings amended to conform to the evidence. Without now considering other questions which may arise, and which may be differently presented, we remand the cause.

STONE, J., not sitting, having been of counsel.