# Gilmer *v.* Wallace.

*Bill in Equity to have Mortgage declared Satisfied, and to Enjoin Sale of the Mortgaged Premises.*

1. *Variance between allegations and proof; when fatal to relief.*—If redundant allegations are introduced into pleadings, and they are descriptive of that which is material, a variance between the allegations and proof is fatal, of the same consequence as a variance between the allegation of an essential fact, and the proof of that fact.

2. *Same.*—Hence, where, in a bill in equity filed by a mortgagor to have the mortgage declared satisfied, and to enjoin a sale of the mortgaged premises, on the ground that the debt secured by the mortgage had been fully paid, a general averment of the fact of payment is followed by particular averments, stating the time, mode and source of payment, and describing the particular transaction from which it was derived, a variance between such particular averments and the proof is fatal to the relief sought, although the evidence may show that the debt has been paid, but in a mode, and from a source different from those averred in the bill.

3. *When decree in vacation, dismissing bill for variance, erroneous.*—It is error for the chancery court to dismiss a bill in vacation, on account of a variance between the allegations and proof, without affording the complainant an opportunity to amend, if there is "any state of evidence which will authorize relief;" and in determining whether there is such a "state of evidence," it is not necessary or proper to pass upon the weight of the evidence, or to enter upon an examination of the evidence

[Gilmer v. Wallace.]

introduced on behalf of the defendant; but it is sufficient that the evidence for the plaintiff makes out a *prima facie* case, entitling him to relief, the effect of which the defendant must overcome.

APPEAL from Lawrence Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this cause was filed by William Gilmer against W. K. Wallace and H. C. Speake, for the purpose of having decreed satisfied a deed of trust executed by the complainant, on 8th April, 1872, and conveying to H. C. Speake, as trustee, certain lands, to secure a debt which the complainant owed to the defendant Wallace; and to enjoin the trustee from selling the lands under the provisions of the deed. The ground for relief is payment of the secured debt, the bill averring, first, in general terms, the payment of the debt, and then the mode of payment, which is substantially as follows: On 22nd December, 1874, the complainant and one Prewitt exchanged lands, the complainant executing a deed to Prewitt, and Prewitt, in pursuance of an agreement between the complainant and the defendant Wallace, executing a deed to Wallace, the latter having agreed to take the Prewitt lands from complainant at the price of $2560. It is averred that from this source, the debt secured by the deed of trust, and also a debt which the complainant owed to one Gibson, and which was also secured by mortgage on the same property, were paid, leaving a balance which Wallace paid to the complainant. Wallace answered the bill, denying that the debt secured by the deed of trust had been fully paid; averring that the money he agreed to pay for the Prewitt lands was, by the consent, and at the request of the complainant, applied to other purposes than those stated in the bill, not necessary to be here stated; and insisting that there was still due him on said debt a considerable balance, the amount of which is stated.

The cause was heard on pleadings and proof; and, on consideration thereof, the chancellor, being of the opinion that there was a variance between the allegations of the bill and the proof, caused a decree to be entered, in vacation, dissolving a temporary injunction which had been issued, and dismissing the bill without prejudice; and that decree is here made the basis of the assignments of error.

D. P. LEWIS and W. P. CHITWOOD, for appellants.

T. M. PETERS and W. & L. B. COOPER, *contra.*

BRICKELL, C. J.—The rule prevailing in courts of equity is, that pleading and proof must correspond. "It is not only necessary that the substance of the case made by each party

[Gilmer v. Wallace.]

should be proved, but it must be substantially the same case as that which he has stated upon the record; for the court will not allow a party to be taken by surprise by the other side proving a case different from that set up in the pleadings."—1 Dan. Ch. Pr. 860; *Floyd v. Ritter*, 56 Ala. 356; *Alexander v. Taylor, Ib.* 60. The averment of the bill is in general terms that the debt secured by the deed of trust has been fully paid. This is followed by an averment more precise, stating the time, mode and source of payment, and describing the particular transaction from which it was derived. The latter averment may have been unnecessary and redundant. A general statement or averment of the payment of the debt would have been sufficient, without descending to a statement of the particular facts or circumstances proving, or conducing to prove it. A redundancy of allegation is often of serious consequences, while a redundancy of proof is always harmless. If redundant allegations are introduced into pleading, and they are descriptive of that which is material, a variance between the allegations and proof is fatal, of the same consequence as a variance between the allegation of an essential fact, of that which is material, and the evidence or proof of the fact.—1 Greenl. Ev. § 67. The same measure of relief may be obtainable upon the facts proved, as could have been obtained if the particular facts averred had been proved, but the court can not permit the opposite party to be misled and taken by surprise by the proof of a case differing from that set up in the pleadings, and which, it is presumed, is the case he came prepared to meet, as it is the case he had notice to resist.—*Floyd v. Ritter*, 56 Ala. 356; *Meadors v. Askew, Ib.* 584; *Bellows v. Stone*, 14 N. H. 175. Whatever may be the evidence of the payment of the debt, there is no evidence of its payment in the manner, at the time, and from the sources stated in the bill. On the contrary, while the transaction stated is not controverted, and is fully proved, the evidence, without conflict, is, that the moneys derived from it were not applied in payment of the debt, but, with the consent and by agreement of all parties, were otherwise applied in extinguishment of another incumbrance upon the lands. We concur in the opinion of the chancellor, that the variance between the allegations of the bill, and the evidence as to the fact or matter of payment, is fatal to the right of the complainant to relief.

Under the usual practice in courts of chancery, as it was recognized prior to the present statutes, the chancellor could very properly have stopped here and dismissed the bill; all that the plaintiff could have asked properly, not having moved to amend before the hearing, would have been a dismissal without prejudice to his rights to commence another suit, and that

[Gilmer v. Wallace.]

is awarded to him by the present decree. But the statutes have wrought most material changes in the practice, intended, whether such is their practical effect and operation or not, to expedite the trial of causes upon their real merits, and to avoid all injury resulting from mispleading in whatever cause it may originate. At any time before final decree, it is the duty of the court, it is not matter of discretion, but of duty, to allow amendments to bills by striking out or adding new parties, " or to meet any state of evidence which will authorize relief ;" and the only terms which can be imposed are the payment of costs. Code of 1876, § 3790. The rule of practice was formerly that an amendment of pleading was matter of solicitation by the parties ; it was not the duty of the court to stay the proceedings and direct or request parties to make such as were necessary to meet the necessities of the case. When, as in the present case, the decree is rendered in vacation, after a submission in term time, following the spirit of the statutes, observing their purposes, we have held that the court is not at liberty to pronounce a decree in vacation, disposing of the case because of insufficiency or deficiency in the pleading capable of being cured by amendment, without affording to the party the opportunity of curing it, though he has not offered an amendment or solicited the privilege of offering it.—*Kingsbury v. Flowers*, 65 Ala. 479. The like rule must be applied when, in vacation, the chancellor is constrained to deny relief to the complainant because of a variance between the pleadings and evidence, or because the case made by the proof is inconsistent with the averments of the bill. The most manifest purpose of the statute is the allowance of amendments at the hearing, at any time before the rendition of final decree, " to meet any state of evidence which will authorize relief." An evil consequence supposed to result under the former practice was, that a complainant, having and proving a just demand, was often denied relief, because there was a variance or inconsistency between the allegations of the bill and the evidence, discovered too late to be cured by amendment. Now, if it be discovered at any time before final decree, the objection can be removed by amendment, and the right to remove it by amendment the statute is intended to secure.

There must, however, be shown a " state of evidence which will authorize relief," for, if no such evidence is shown, the variance or inconsistency is immaterial ; the bill fails, not because of the variance or inconsistency, but because there is a want of evidence entitling the complainant to relief in any event. Reaching the conclusion that the chancellor should not have dismissed the bill in vacation, because of the variance or inconsistency between the allegations of the bill and the evidence,

[Gilmer v. Wallace.]

which could be cured by amendment, without affording the complainant the opportunity to amend, the next inquiry is, whether there is a state of evidence which justifies an amendment. In the consideration of this question, it is not necessary, nor is it proper, to pass upon the weight of the evidence; it is enough that the evidence for the plaintiff makes out a *prima facie* case, entitling him to relief, the effect of which the defendant must overcome. This follows because of the right the statute secures to each party to take additional testimony, if the amendment is made in vacation, or, if made in term time, and the opposite party claims, as he may, a continuance as matter of right. If, upon granting leave to amend, the court passed upon the sufficiency of the evidence, the case would be partially decided, without the consideration of the additional evidence the parties have the right to introduce, and decided in the absence of appropriate pleading. When a *prima facie* case is shown, a case which, if not counterbalanced and overcome by opposing evidence introduced by the defendant, would entitle the complainant to relief, he should have the opportunity of adapting his pleadings to meet it. Then the court is in a situation, and the parties are in a condition, to demand that the evidence shall be weighed, and the controversy finally determined.

The evidence in the record introduced by the plaintiff proves *prima facie* the payment of the mortgage debt; but its presentation at once raises the objection, that it does not correspond to the allegations of the bill; an objection fatal to the right to relief, until by amendment it is removed, rendering unnecessary an examination of the evidence introduced by the defendant. There can not be an examination of that evidence, a comparison of it with the evidence of the plaintiff, a determination of the sufficiency of all the evidence to generate a just, rational belief of the existence of the affirmative fact, the burden of proving which rests upon the plaintiff, unless the court determined a hypothetical case, treated the bill as amended, forecasting the case made by the evidence; and such a determination would embarrass, if it is not a practical denial of, the right of the parties to introduce additional testimony, when the amendment is made.

We are of opinion the chancellor erred in the dismissal of the bill without affording the plaintiff the opportunity to amend, curing the variance between its allegations and the *prima facie* case made by the evidence entitling the plaintiff to relief. We do not express any opinion upon the weight of the evidence; nor whether, when it is considered in its entirety, the *prima facie* case made by the evidence for the plaintiff is not overcome and repelled. That is not now a question, in the

[Vandiveer v. Stickney.]

present condition of the pleadings, which can or ought to be considered and determined.

Reversed and remanded.