# Hamaker *v.* Hamaker.

*Bill in Equity by Wife, to enforce Resulting Trust in Lands.*

1. *Conveyance by husband to wife.*—A conveyance by the husband to the wife directly, "except in consideration of money, or to stand in the place of property, which was her statutory estate," creates in her an equitable separate estate.

2. *Variance.*—Where the bill seeks to enforce a resulting trust in lands in favor of a married woman, on the ground that it was paid for with moneys which belonged to her statutory estate, while the proof shows that the money, or even a part of it, belonged to her equitable estate, the variance between the allegations and the proof is fatal to relief.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 15th November, 1886, by Mrs. Nancy J. Hamaker, suing by her next friend, against her husband, William Hamaker, and Mrs. Martha Reagan, his daughter by a former wife; and sought to establish a resulting trust in a tract of land, which said William Hamaker had bought from one John H. Eubanks, taking the conveyance to himself for life, with remainder to his said daughter. The conveyance by Eubanks, a copy of which was made an exhibit to the bill, was dated May 15th, 1884, and recited as its consideration the payment of $400 by said William Hamaker. The complainant alleged in her bill that, in December, 1881, she entered into "a verbal agreement with said John H. Eubanks, by which she did purchase said tract of land from him, in her own name and interest solely, in consideration of the payment of $400;" that she paid $100 in cash on the 29th December, 1881, and went into possession of the premises; that she paid $203 on March 10th, 1882, and $112.85 on the 9th August, 1883, "being

the balance in full of purchase-money due;" that "the whole of the money with which she paid for said property, was her statutory separate estate under the laws of Alabama;" and that her husband afterwards procured the execution of said conveyance from Eubanks "with the intent to defraud and deprive complainant of her just right and title to said property." An answer was filed by William Hamaker, alleging that he bought and paid for the land with his own money, and that his wife "had no estate whatever at any time;" and Mrs. Reagan made the same allegations on information and belief. On final hearing, on pleadings and proof, the court rendered a decree for the complainant, and this decree is here assigned as error.

R. H. PEARSON, for appellant, cited *McMillan v. Peacock*, 57 Ala. 127; *Battle v. Short*, 52 Ala. 456; *Lehman v. Lewis*, 62 Ala. 129.

WEAVER & SELHEIMER, *contra*.

CLOPTON, J.—The bill avers that all the money with which complainant paid for the land in controversy, was her statutory separate estate. Complainant's own testimony shows that the land was paid for with the proceeds of a note given, and of the sale of land conveyed, directly to her by her husband. A conveyance by the husband, directly to the wife, creates an equitable separate estate, unless conveyed in consideration of money, or to stand in place of property, which was the statutory separate estate of the wife. *McMillan v. Peacock*, 57 Ala. 127; *Loeb v. McCullough*, 78 Ala. 533. There were put in evidence two deeds to the land, with the proceeds of which the land in controversy was paid for in part—one made in February, 1881, reciting as consideration an indebtedness of the husband on account of money, the statutory separate estate of complainant; and the other, made in May, 1881, in performance and in pursuance of an ante-nuptial agreement. The proof shows that complainant had, at the time of marriage, no separate estate, statutory or other, and had acquired none since, except from her husband. If it were conceded that the first deed vested in her a statutory separate estate, then the land was paid for with money which was part her statutory, and part her equitable separate estate; and if it created an equitable separate estate, then all the money which was paid for the

[Bragg v. Patterson.]

land was her equitable estate. In either event, there is a fatal variance between the allegations of the bill and the proof. The rights and powers of the wife are different under the two estates.—*Milhous v. Weeden*, 57 Ala. 502; *Webb v. Robbins*, 77 Ala. 176.

Reversed and remanded.