# McDonald *v.* Walker.

*Bill in Equity by Purchaser's Heirs, for Specific Performance of Contract for Sale of Lands.*

1. *Correspondence of pleadings and proof; variance.*—The rule of equity pleading which requires that the pleadings and the roof shall correspond with the greatest strictness to bills for the specific performance of contracts, extending even to redundant and superfluous averments with respect to a material fact, or descriptive of a matter or thing necessary to be alleged; as in this case, where the bill was filed by the heirs of a deceased purchaser of land to enforce a specific execution of the contract, alleging that he received the joint title-bond of the two vendors, while the evidence showed that the bond was executed by one of them only, and the variance was held fatal to relief.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 28th October, 1885, by Wm. J. McDonald, as trustee, legatee and devisee under the will of his deceased wife, Mrs. Cynthia A. McDonald, joining the other legatees and devisees as complainants with him, against the administrator and heirs at law of Alburto Martin, deceased; and sought the specific execution of a contract for the purchase by Mrs. McDonald of several town lots in Birmingham from said Martin and one M. A. May, who were alleged to be tenants in common of the land at the time. The contract was made on the 12th June, 1873, the agreed price being $400, for which sum Mrs. McDonald executed her two promissory notes, for $200 each, payable on the 1st September and the 1st December, 1873, respectively; and the bill alleged that, "at the time of the execution of said notes, said Martin and May executed to Mrs. McDonald their joint and several bond, in the penalty

of $800, payable to her, her heirs and assigns, with condition that, if said Martin and May should make to her a good and sufficient title to said real estate when the purchase-money for the same should be paid, then said bond was to be void," &c.   It was alleged, also, that the lots were at that time uninclosed, and without any building or other improvements; but there was no averment that possession was delivered or taken by the purchaser.   The bill further alleged that, after the making of said contract, said May sold and transferred to Martin all of his interest in the land and in the notes given for the purchase-money; that afterwards, on the 20th March, 1875, Martin commenced an action at law against Mrs. McDonald on the notes, and recovered judgment against her on the 15th May, 1875, for the full amount of both notes; that after the death of Martin, the date of which was not stated, improvements were erected on the land by his administrator and heirs, or by other persons who paid them ground rent, the value of the land having increased; that the rents received by the defendants were equal to the amount due for the unpaid purchase-money; that one of the complainants, in April, 1884, in ignorance of the fact that the judgment was in fact paid by the rents received, tendered the amount due on the judgment to Martin's administrator, who refused to receive it, on the ground that the contract for the sale of the land had been rescinded by the parties while in life; and that said administrator then entered on the record, but without authority, satisfaction of the judgment on the ground of the alleged rescission.   On these allegations, the bill prayed the specific execution of the contract of sale, and a divestiture of the legal title to the land out of the defendants; and offered to pay any balance of purchase-money that might be found due, after deducting the rents received by the defendants.

Wm. A. Walker, as Martin's administrator, was made a defendant to the bill, and being also appointed guardian *ad litem* for the minor heirs, he filed a formal answer for them, denying the allegations of the bill, and requiring strict proof thereof.   A joint answer was filed by the administrator and the adult heirs, in which they thus answered the paragraph of the bill which alleged the contract of sale, the execution of a bond for title by Martin and May jointly, &c.: "These defendants admit, also, the facts stated in the second paragraph of the bill to be true, except the statement that a bond for title to said lots was executed by said Martin and May to Cynthia A. McDonald.   Said defendants have no

[McDonald v. Walker.]

knowledge of the execution of such bond [if any?] was made." They further denied that Mrs. McDonald, at any time up to the death of said Martin, was ever entitled to a conveyance of the legal title to the land on payment of the purchase-money, and alleged that the contract for the sale of the land was rescinded by the parties while living. An amended answer was afterwards filed, pleading the statute of frauds.

On final hearing, on pleadings and proof, the City Court dismissed the bill, on the ground that there was "no sufficient proof of the title-bond or its contents, nor of any payment or writing in compliance with the statute of frauds." The complainants appeal, and assign the decree as error.

WATTS & SON, for appellant.

HEWITT, WALKER & PORTER, *contra*, cited *Goodwin v. Lyon*, 4 Porter, 297; *Ellis v. Burden*, 1 Ala. 458; *Aday v. Echols*, 18 Ala. 353; *Ellerbe v. Ellerbe*, 42 Ala. 643.

McCLELLAN, J.—The general principle, that the allegations of a bill in equity and the evidence adduced at the hearing must correspond, is applied with the greatest strictness to bills for the specific performance of contracts, to the extent indeed of requiring absolute correspondence, not only between every essential averment and the proof, but also between every redundant and superfluous averment with respect to a material fact, or descriptive of a matter or thing necessary to be alleged.—Daniell's Ch. Pl. & Pr., 860; *Goodwin v. Lyon*, 4 Port. 297; *Ellis v. Burden*, 1 Ala. 458; *Ellerbe v. Ellerbe*, 42 Ala. 643; *Winston v. Mitchell*, 87 Ala. 395; *Webb v. Crawford,* 77 Ala. 440.

Thus, where the bill alleged that the payments under a contract sought to be enforced were to be made in *five* equal annual installments, and the proof was that they were to be made in *four or five* such installments, it was held that the variance was fatal, and that a decree for specific performance of the contract was properly refused.—*Aday v. Echols*, 18 Ala. 353. And where the bill averred that the contract was made on Sept. 30, 1885, while the proof showed that it was made September 30, 1886, the variance was held to be frtal to relief; and this notwithstanding the abstract rights of the parties were the same, whether the contract bore the one or other of these dates. The court said: "There is no class of cases in which correspondence between the allegations of the bill and the proof is more rigidly exacted than in suits for the

specific performance of contracts. The allegation of the time when the contract is made is descriptive of that which is material, and the variance between the allegation and proof is fatal."—*Johnson v. Jones*, 85 Ala. 286; also, *Hamaker v. Hamaker*, 85 Ala. 231.

The same doctrine is somewhat more fully stated by BRICKELL, C. J. as follows: "The rule prevailing in courts of equity is, that pleading and proof must correspond. It is not only necessary that the substance of the case made by each party should be proved, but it must be substantially the same case as that which he has stated upon the record; for the court will not allow a party to be taken by surprise by the other side proving a case different from that set up in the pleading.—*Floyd v. Ritter*, 56 Ala. 356; *Alexander v. Taylor*, *Ib.* 60. The averment of the bill is, in general terms, that the debt secured by the deed of trust has been fully paid. This is followed by an averment more precise, stating the time, mode and source of payment, and describing the particular transaction from which it was derived. The latter averment may have been unnecessary and redundant. A general statement or averment of the payment of the debt would have been sufficient, without descending to a statement of the particular facts or circumstances proving or conducing to prove it. If redundant allegations are introduced into pleading, and they are descriptive of that which is material, a variance between the allegations and proof is fatal—of the same consequence as the variance between the allegation of an essential fact, of that which is material, and the evidence or proof of the fact.—1 Greenl. Ev. §67. The same measure of relief may be obtainable upon the facts proved, as could have been obtained if the particular facts averred had been proved; but the court can not permit the opposite party to be misled and taken by surprise by the proof of a case differing from that set up in the pleadings, and which, it is presumed, he came prepared to meet, as it is the case he had notice to resist."—*Floyd v. Ritter, supra;* *Meadows v. Askew*, 56 Ala. 584; *Bellows v. Stone*, 14 N. H. 175; *Gilmer v. Wallace*, 75 Ala. 220.

The application of the doctrine of the foregoing authorities to the case at bar, leads us to the same result attained by the City Court. The contract sought to be enforced is evidenced by a bond for title upon payment of purchase-money. The bill alleges that this bond was executed jointly and severally by Alburto Martin and Marion A. May. If the evidence establishes the execution of any bond, it is not that of Martin and May but that of Martin alone. Even if

[The State v. Harrub; The State v. Melvin.]

it be conceded that, had the averment been that the bond was executed by Martin alone, the complainants—other considerations being pretermitted—would be entitled to the relief prayed on the evidence we find in this record; even conceding that, although the sale was made by Martin and May, and the land at the time belonged to them as tenants in common, the complainants, in view of Martin's subsequent acquisition of May's interest, would be entitled to the relief prayed on averment and proof of a bond executed by Martin alone; conceding for the argument, in short, that the averment that May also executed the bond was not material to complainants' case, but redundant and superfluous; yet it is descriptive of the bond, and the bond is absolutely and essentially material. And this material thing thus laid and described became material as laid and described, and had to be proved with all the particularity, so far as May's relations to it are concerned, that confessedly would have been necessary had complainants' rights in point of fact depended upon the execution of the bond by May. This variance between the averments of the bill and the proof adduced at the hearing is fatal to the relief prayed; and the decree denying that relief and dismissing the bill is affirmed.