(78 South. 862)

DAVIDSON et al. v. RICE. (8 Div. 79.)

(Supreme Court of Alabama. April 11, 1918.)

EQUITY ☞247 — DEMURRER — ALLOWING AMENDMENT.

Acts 1915, p. 279, merging the chancery court into the circuit court, and Acts 1915, p. 708, declaring the circuit court open for the transaction of any and all business or judicial proceedings of every kind during the whole year, do not change the rule that it is error to sustain a demurrer to an original bill in vaca-

---

tion without according the complainant an opportunity to amend to meet an amendable defect.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill by J. Henry Davidson and others against W. B. Rice to determine title to land. Decree for respondent, and complainants appeal. Reversed and remanded.

The decree is as follows:

The cause was submitted and held for decree in said case upon the pleadings and proof as noted by the register, and now upon consideration thereof, the court is of the opinion that the demurrers filed by the respondent to the original bill are well taken, but it is true that in the note of submission the demurrers are not made. Upon consideration of all the evidence, however, the court finds that complainants are not entitled to recover as the bill is now framed, for the very reasons specified in said demurrers, to wit, all of the complainants are not in possession of all of the land, all of the complainants do not have title to all of the land, according to complainants' own testimony each complainant claims to have title to and be in possession of a separate and distinct part of the land; therefore they cannot recover under this bill. It is therefore ordered, adjudged, and decreed by the court that defendant's demurrers be, and the same are hereby, sustained, and the bill of complaint is dismissed out of this court, but without prejudice to each complainant to bring his appropriate bill to quiet the title to his individual land if he sees proper to do so. It is further ordered, adjudged, and decreed that complainants be taxed with the costs of this suit, for which let execution issue.

Rayburn & Wright, of Guntersville, for appellants. D. Isbell, of Guntersville, for appellee.

McCLELLAN, J. The report of this appeal will contain the decree under review. It is to be observed that the decree proper sustained demurrer to the original bill, and finally dismissed the bill without prejudice, omitting the preservation to the complainants of the right to amend to meet the objection justified by the court's judgment. The demurrer to the original bill was filed "along with this full answer," from which we conclude that the demurrer was incorporated in the answer, as Code, § 3128, contemplates. Rule 72 of Chancery Practice (Civil Code, p. 1550) provides:

"All demurrers, whether contained in the answer or not, are to be disposed of on the calling of the cause, without waiting for the cause to be ready on the proof; but when the cause is ready for hearing on the pleadings and proofs, it must be heard, without waiting for a separate decision on a demurrer contained in the answer."

Rule 73 of chancery practice (Civil Code, p. 1550) provides:

"All exceptions to bills, answers, reports, or testimony, whether coming before the court in the first place for consideration, or by way of appeal or review, must be heard in connection with the equity of the bill, unless that question has been previously decided or admitted; also, if there is a demurrer undisposed of in the case, it must be considered by the court at the same time with the exceptions."

It has been decided that the filing of answer in which demurrer is incorporated does not waive the demurrer. Ray v. Womble, 56 Ala. 32, 40.

In the view of the cause prevailing with this court, it is unnecessary to consider the question, pressed in brief for appellant, whether rule 75, when read in connection with rules 72 and 73, quoted ante, forbids the consideration by the courts of a demurrer not listed on the note of testimony filed upon the submission of the cause. In any event the general practice is to list demurrers; and an observance of this custom would avoid any question in the premises.

The decree recites that the "cause was submitted and held for decree in vacation." The recital's reference to vacation must be attributed to a period intervening between calls of the docket, when the particular circuit court is not in session, as contemplated by section 2 of the act approved September 22, 1915 (Gen. Acts 1915, p. 708).

By the act approved August 16, 1915 (Gen. Acts 1915, p. 279), the chancery court was merged into the circuit court (Const. 1901, § 148), and by the act approved September 22, 1915, noted above, the circuit court, with this augmented jurisdiction, was declared to be "open for the transaction of any and all business or judicial proceedings of every kind" during practically the whole year, thus, in substantial effect, imposing on the enlarged circuit court, certainly its equity side, the similar, in the main, provisions of the act (previously) approved March 17, 1915 (Gen. Acts 1915, p. 135), prescribing that the chancery court should be always open for the transaction of any business therein.

Before the enactment of the above-cited Acts of 1915 it was held to be error to sustain a demurrer to an original bill in vacation without according the complainant an opportunity to amend to meet an amendable defect or deficiency. Gilmer v. Wallace, 75 Ala. 220, 222, 223. The reasons inducing this conclusion are fully stated in that case. After careful consideration of the rule so long recognized, of the reasons, statutory and otherwise, for its acceptance, and of the consequences to attend a departure from it, all in the light of the general terms employed in the Acts of 1915, pertinent to the inquiry, our conclusion is that the legislative purpose in either or both of the cited Acts of 1915 did not contemplate the abolition of the rule announced in Gilmer v. Wallace, supra. The recent decision in Hale v. Hale, 75 South. 150,[1] was controlled by these considerations, not present in the cause at bar, viz.: The allowance of repeated opportunities to amend, and an agreement for submission for final decree.

The decree appealed from is therefore reversed on the authority of Gilmer v. Wallace, supra; it being apparent that the original bill was susceptible of amendment so as

[1] Ante, p. 28.

to avert the criticism set down as the ground on which the demurrer was sustained.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.