# Johnson *v.* Kelly, *et al.*

### Bill in Equity for Partition of Lands.

1. *Partition; sale of lands for.*—It is well settled by the course of decisions in this State, that a court of equity is without jurisdiction to decree, for partition, the sale of land belonging to adult tenants, without their consent.

2. *Decree pro confesso; effect of.*—A decree *pro confesso* is an admission only of the allegations of the bill which are well pleaded; but, while such decree is an admission of the facts alleged, it is not an admission that the complainant is entitled to equitable relief, unless authorized by the allegations of the bill.

APPEAL from the Chancery Court of Elmore.

Heard before the Hon. N. S. GRAHAM.

This was a bill in equity filed on 28th February, 1884, by W. J. Johnson against Barbara, William and David Kelly for the purpose indicated in the opinion. The cause was submitted on decree *pro confesso*, on the original and amended bills, and exhibits thereto; and the chancellor caused a decree to be entered dismissing the bill, upon the ground that said court had "no jurisdiction or authority to sell the lands of adults for the purpose prayed for in the bill." The decree is here assigned as error.

WATTS & SON, for appellant.

[Leinkauff & Strauss v. Frenkle A Co.]

CLOPTON, J.—The object of the bill is to obtain a decree for the sale of lands to effect partition, on the ground that the same can not be equitably divided. All the defendants are adults, and a decree *pro confesso* on personal service was entered against them. While the jurisdiction of a court of equity to decree a sale of the real estate of infants for partition is settled by the course of decisions in this State, it is equally well settled, that the court is without jurisdiction to decree a sale of the lands of adult tenants for such purpose, without their consent. *Delony v. Walker*, 9 Por. 497; *Wilkinson v. Walker*, 74 Ala. 198; *Lyon v. Powell*, 78 Ala.

It is insisted, that the decree *pro confesso* is a consent. The bill does not aver consent, and none is disclosed by the record. A decree *pro confesso* is regarded as an admission of the allegations of the bill, which are well pleaded. The defendants are not thereby precluded to appear, and contest the decree on the merits of the bill. The court will only make such decree, as it would have made on the state of the pleadings, had there been no default, and the allegations of the bill had been proved. Code §§ 3824, 3826. *McDonald v. Mo. Life Ins. Co.*, 56 Ala. 468. 1 Dan. Ch. Pl. & Pr. 526. While a decree *pro confesso* is an admission of the facts alleged, it is not an admission, that the complainant is entitled to equitable relief, unless authorized by the allegations of the bill; and is not a consent that the relief prayed for may be granted.

Affirmed.