# Southern Hardware & Supply Co. v. Block Bros.

*Damage to Automobile.*

(Decided 16, 1909.   50 South. 1036.)

1. *Pleading; Withdrawal of Plea; Discretion.*—Where a defendant filed a plea of the general issue, and afterwards moves to withdraw the plea to be allowed to file demurrers to the complaint the granting or refusal of the motion is within the discretion of the trial court, and not revisable.

2. *Appeal and Error; Harmless Error; Instruction.*—Where the jury found that appellant alone was liable for negligence, the failure to instruct as to the joint neligence of appellant and another defendant, was without injury to appellant.

3. *Discontinuance; Verdict.*—Where two defendants are charged jointly as for negligent injury, a verdict in favor of one defendant and against another, does not work a discontinuance.

4. *New Trial; Newly Discovered Evidence; Cumulative Evidence.*—Newly discovered evidence which is merely cumulative of evidence already given, is not good grounds for new trial.

5. *Charge of Court; Conformity to Issues.*—Where one defendant filed the plea of the general issue to a complaint charging such defendant and another for a joint injury, such defendant virtually admits joint liability, and hence, is not entitled to have the jury instructed that the defendants were improperly joined.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Block Bros., as copartners, against the Southern Hardware & Supply Company and another. From a judgment against the defendant named, it appeals. Affirmed.

The pleas interposed by the Ogburn-Griffin Grocery Company are the general issue and several special pleas not necessary to be set out. The Southern Hardware & Supply Company filed only the general issue. Subsequently it entered a motion for leave to withdraw its plea of the general issue and to file certain demurrers

to the complaint, which demurrers are set out in the transcript, which motion was disallowed. Charges 1 and 2 are as follows: (1) "The court charges the jury that if you believe from all the evidence that there was no joint act of the defendant, and that there was no joint purpose to be accomplished by them, then your verdict should be for the defendant." (2) "If the jury is reasonably satisfied from all of the evidence that there was no joint act performed by these defendants, and that their acts did not co-operate together to produce the injurious results complained of, then your verdict should be for the defendants.".

McINTOSH & RICH, for appellant.—The court erred in refusing charges 1 and 2 requested by appellant.—*Powell v. Thompson,* 80 Ala. 51; *Ensley L. C. v. Lewis,* 121 Ala. 99; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 510. The court should have granted the motion for a new trial on account of newly discovered evidence.—14 Ency. P. & P. 795; 48 Hun. 54.

GREGORY L. & H. T. SMITH, for appellee.—The court did not err in refusing the charges requested.—*McKay v. Southern Bell,* 111 Ala. 354; *McCoy v. L. & N.,* 146 Ala. 337; 23 Cyc. 433; 10 S. W. 32. The evidence upon which the new trial was based was merely cumulative, and hence, not grounds for a new trial.—*A. M. Ry. Co. v. Johnson,* 123 Ala. 197; *Jernigan v. Clark,* 134 Ala. 316; *McCloud v. Shelby County,* 108 Ala. 81.

SIMPSON, J.—This suit was brought by appellees against the appellant and Ogburn-Griffin Grocery Company for damages for injury to an automobile. The complaint alleges that the Ogburn-Griffin Grocery Company, through their agents and servants, negligently allowed a team, consisting of a mule and a dray, to stand

upon a street of Mobile without being tied or attended;
that appellant, through its agent, etc., negligently allow-
ed a portion of the load on one of its drays to strike the
mule of the Ogburn-Griffin Grocery Company, which
striking, together with the fact that said mule was not
tied or attended, caused said mule to run away, and that
in so running, it or the dray ran into the automobile,
causing the damage complained of.    The verdict was
against the appellant only.

The appellant filed a plea of the general issue, and
afterwards filed a motion to be allowed to withdraw the
plea and interpose a demurrer, which motion was over-
ruled by the court.    This was a matter within the dis-
cretion of the court, and not reversible.—*Gaines v. Bank*,
Minor, 50; *Martin v. Dortch*, 1 Stew 479; *Hair v. Moody*
9 Ala. 399; *Steele v. Tutwiler*, 57 Ala. 113; *Donald
Bros. & Co. v. Nelson & Sons*, 95 Ala. 111, 10 South. 317;
*Foster v. Bush & Co.*, 104 Ala. 662, 16 South. 625.

The first and second assignments of error relate to the
refusal to give charges 1 and 2, which raise the defense
that there was no such joint act or purpose as to justify
the joining of the two defendants in one action.    As be-
fore stated, the refusal of the court to allow the with-
drawal of the plea and the filing of a demurrer was en-
tirely discretionary with the court; the reason being that
the plea' of the general issue admitted the adequacy of
the complaint "as a charge of joint tort against them,
confessing, in other words, that if the separate negli-
gence and the injury charged were proved they were
jointly answerable in damages," as well as severally.
—*Richmond & Danville Railroad Co. v. Greenwood*, 99
Ala. 511, 14 South. 495.    Having filed the plea, carrying
with it such admission, the defendant could not claim
it as a right that it be allowed to withdraw the plea and
file a demurrer though the court could if he saw proper

to do so, allow such withdrawal. As the record stands, then, the defendant must abide by the consequences of its plea, and could not test the question of joint liability by the charges requested.

It may be said, also, that as the finding of the jury was in effect that the appellant was the only party liable for the negligence, the failure to instruct as to joint negligence could not injure it. This court has also recognized the propriety of a verdict against one, and not against the other, in a case like this.—*Richmond & Danville Railroad Co. v. Greenwood, supra.*

The newly discovered evidence claimed in the application for a new trial was merely cumulative, and the court will not be placed in error for refusing it.

The judgment of the court is affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.