(76 South. 52)

HAMAKER v. WHITFIELD. (6 Div. 428.)

(Supreme Court of Alabama. May 31, 1917.)

On Rehearing.

EQUITY ⬤⟹418—DECREE PRO CONFESSO.

Although the answer filed to a bill of complaint was not sufficiently complete, a decree taken pro confesso subsequent to such filing was not authorized, and a final decree in part based upon such decree pro confesso, will be reversed.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 952–971.]

Mayfield, J., dissenting.

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action by M. L. Whitfield against W. A. Hamaker, as administrator, etc. Decree for plaintiff, and defendant appeals. Reversed and remanded upon rehearing.

W. L. Longshore, of Columbiana, and Smith & Morrow, of Birmingham, for appellant. James M. Russell and D. Goode Tinsley, both of Birmingham, for appellee.

MAYFIELD, J. This appeal is from a final decree of the city court of Birmingham. The only errors assigned or argued go to the question of a decree pro confesso, upon which the final decree was in part based.

It is insisted by counsel that an answer was filed in the court before the decree pro confesso was taken, but that it was misplaced and its filing not noted on the docket by the register, and that, consequently, the answer was overlooked by the register and the chancellor when the decree pro confesso was entered. If this be so, it is not shown by the record in a manner which will authorize us to reverse the final decree, or even to consider the facts. We are, of course, bound by the record, and must speak and act upon what is before us.

The decrees of the court recite that the decree pro confesso was taken because of respondent's failure "to plead, answer or demur to the bill." This solemn recital in the decretal orders of the court cannot be ignored upon mere statements of counsel in brief, albeit the brief might truly state the facts. It is true that the transcript, in this case, of the record of the lower court, as to the matters complained of, does contain what we infer counsel for the appellant claim to be the answer which was filed but lost, and interlined in the typed record, with pen and ink, is what purports to be an indorsement of its filing, which date is prior to that of the decree pro confesso. The whole answer, with the record of its filing or that claimed to be such, whereon it is claimed that this court should render a decree reversing the final decree, reads as follows:

"Answer.

"Now comes respondent in the above-styled cause and for answer to the bill of complaint herein says: Respondent denies each and every allegation made, contained and averred in paragraphs 2 and 3 of said bill, and demands a strict proof thereof. W. L. Longshore and Smith & Morrow, Solicitors for Respondent.

"Filed in office Nov. 19, 1915. Sam M. Blake, Clerk and Register."

It will be observed that this alone does not show who was complainant or who was respondent, nor what bill it purported to answer. If it refers to the bill in this case, then the real equities of the bill were not attempted to be answered or demurred to. This pretended answer does not purport to answer any part of the bill except paragraphs 2 and 3. The real equity of this bill, shown by the record, is in paragraph 4 thereof. So far as we know, the chancellor may

have treated this as no answer, plea, or demurrer, and could properly do so.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. The majority are of the opinion that the decree should be reversed. The final decree is based upon a decree pro confesso, which said decree pro confesso was improperly taken after respondents had filed an answer to the bill of complaint. Whether or not the answer was sufficiently complete matters not, as the decree pro confesso was not authorized so long as said answer was on file. Ferrell et al. v. Leonard, 76 South. 51, ante, p. 285.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

MAYFIELD, J., dissents, adhering to the views expressed in the original opinion of the court heretofore affirming the cause.