177 So. 129

**JACKSON–HAISTEN & CO. v. McDOWELL.**

4 Div. 987.

Supreme Court of Alabama.

Nov. 11, 1937.

**14**

A. G. Seay, of Troy, for appellant.

Walters & Walters, of Troy, for appellees.

BROWN, Justice.

The bill in this case was filed by the appellee, ostensibly to reform a deed executed by W. B. McDowell and wife to the complainant, purporting to convey a one-third undivided interest in 7 acres of land lying in the southwest corner of the southwest quarter of the northwest quarter of section 18, township 9, range 23, Pike county, by correcting an erroneous description of the lands, occurring, as alleged, through mutual mistake of the parties thereto or through mistake of the scrivener preparing such deed. But in truth and in fact the bill's purpose is to establish in said appellee an equity superior to the rights of Jackson-Haisten & Co., an attaching creditor of said W. B. McDowell, arising out of alleged purchase of the property intended to be conveyed by said deed, and, under the general prayer for relief, to quiet such title as against the rights of said attaching creditor.

The bill alleges and the proof shows that before it was filed the said W. B. McDowell and wife, and the complainant, had discovered the error and by deeds subsequently executed had corrected the mistake alleged to have been made. So the bill as one to reform is clearly without equity. Harold Brothers & Scott v. Weaver, 72 Ala. 373.

Both the complainant and the defendant creditor, as the averments of the bill and the answer unmistakably show, proceeded on the theory that the debtor McDowell, before the execution of said deed on February 23, 1932, owned a one-third interest in fee, inherited from M. T. McDowell, his mother, who died seized and possessed thereof; and the evidence shows that she had been in the continuous actual possession of said land without recognition of adverse right for more than twenty years, precluding judicial inquiry into the soundness of her title. Findley et al. v. Hardwick, 230 Ala. 197, 160 So. 336; Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann.Cas.1915C, 1226; Harold Brothers & Scott v. Weaver, supra.

The bill does not seek a reformation of the conveyance made by A. B. McDowell to M. T. McDowell, on November 7, 1894, under which the grantee therein went into possession and so remained until her death in 1931, and in the absence of averments and proof justifying such reformation the decree to that end cannot be sustained. Such averments admitted or proved are essential to the soundness of the decree in this respect. McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Jackson Realty Co., Inc., v. Yeatman, 219 Ala. 3, 121 So. 415.

Other reasons appear why the record did not justify the decree in this respect. It does not appear except by mere inference from the averments of the bill that A. B. McDowell is not living. If so, he is a necessary party to a bill to reform the deed of November 7, 1894; if he is dead, the naked legal title to the property in controversy remaining in him in consequence of the mistake in the description in said conveyance by the process of devolution passed to his heirs at law, the respondent W. B. McDowell, and his two brothers, and at the death of M. T. McDowell, her equity united with the legal title in said heirs at law, giving them as joint owners a fee simple title.

To sustain the other phase of the bill—the only phase in which it has equity—the burden was on the complainant to show that before the levy of the attachment on the property in controversy he had purchased the same from W. B. McDowell, the

debtor of Jackson-Haisten & Co., for value, and that said attaching creditor had notice, actual or constructive, of said purchase.

To meet that phase of the burden as to notice, the bill avers:

" * * * prior to the time said realty was attached in said suit, as above stated, that said respondent partnership had notice of the facts that said one-third undivided interest of W. B. McDowell in and to said property, above described, was intended and purposed to be conveyed to the complainant by said deeds mentioned in paragraph B hereof, but that said deeds did not correctly describe said property intended and sought to be conveyed therein and that same came about on account of said error and mutual mistake of said parties, and that the complainant at the time of the execution of said first deed, above referred to, claimed title and ownership to same, *in this:* said deeds, mentioned in paragraph B hereof, were recorded in the Probate Office of Pike County, Alabama, on dates of the 20th day of February, 1932, and the 23rd day of February, 1932, respectively, the Attorney, A. G. Seay, for said partnership, acting within the line and scope of his authority, had actual knowledge of the fact that said error originated in said deed from A. B. McDowell to M. T. McDowell, referred to supra, and that the description contained in said deeds mentioned in paragraph B supra, was intended and thought by said parties thereto, to convey said real property, above described and that it was known fact to said partnership, and their Attorney, acting within the line and scope of his authority, that the complainant then claimed title to said one-third undivided interest in said real property, above described, and that the complainant had purchased said undivided one-third interest in said property, above described, from said W. B. McDowell." (Italics supplied.)

There is no evidence in the record that said deed was recorded as alleged in the bill.

As to the other phase of the burden assumed by the averments of the bill, the evidence to our minds is without sufficient probative force to meet and carry the burden. The evidence shows that the complainant was a member of the debtors' family, his son, that the proposition to convey came from the debtor after the attachment suit was commenced, and the original writ had been levied with notice to the debtor, and the testimony of the complainant on cross-examination tends to show that money, represented by checks, paid to the debtor was a gift, or for other purpose, than the purchase of said land, and that this evidence was resorted to as giving color to such transaction. We are not of opinion that the complainant has met and carried the burden of proof.

The decree of the circuit court is therefore reversed and a decree here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.