189 So. 69

**THACKER CREEK COAL CO. et al. v. SMITH.**

**6 Div. 445.**

Supreme Court of Alabama.
May 18, 1939.

Earle Montgomery, of Talladega, for appellants.

St. John & St. John, of Cullman, for appellee.

GARDNER, Justice.

The bill was by a minority stockholder in the Thacker Creek Coal Company, seeking dissolution of the corporation, a sale and distribution of its assets, upon the theory that the corporate purpose had long since been abandoned and its properties deteriorating.

Demurrer to the bill was overruled, and no complaint is here made as to this ruling. Central Land Co. v. Sullivan, 152 Ala. 360, 44 So. 644, 15 Ann.Cas. 420; Dixie Lumber Co. v. Hellams, 202 Ala. 488, 80 So. 872.

The decree on demurrer was rendered October 1, 1938, and forty days were allowed for answer. Defendants, on November 10, 1938, requested extension of time, and ten days additional were allowed. The extended time expired, and no answer having been filed, complainant requested and obtained a decree pro confesso before the register on Tuesday, November 22, 1938. The final decree rendered on that same date was set aside, and a final decree entered November 23, 1938, on the bill and decree pro confesso granting the relief prayed, and from this last decree defendants prosecute the appeal.

The only question here presented relates to the validity of this final decree which is here assailed upon the sole ground that the decree pro confesso, upon which it is rested, was improperly entered. Pearce v. Kennedy, 232 Ala. 107, 108, 166 So. 805; Hamaker v. Whitfield, 200 Ala. 286, 76 So. 52.

■ . It is argued the decree pro confesso was erroneous upon two grounds: The first, that it was entered by the register on a day other than Monday (section 6503, Michie's Code of 1928) is fully answered by the amendatory act of February 14, 1931 (General Acts 1931, page 44), amending section 6503, and expressly providing therein that the register "shall have power to render decrees pro confesso on any day in all cases in which service has been perfected." Section 6503, Michie's 1936 Cumulative Supplement to the Code of 1928. The second ground is rested upon the theory that the power of the register to enter a decree pro confesso is limited to those cases where there has been no general appearance by demurrer or otherwise.

■ But no such restriction is stated in the statute, and the decree pro confesso to be obtained under Rule 30, Chancery Practice, Code of 1923, Vol. 4, p. 917, is not so limited. And, indeed, as we read section 6569, Code of 1923, its concluding language is properly to be construed as having reference to a situation as here presented, that is, where demurrer is overruled and time extended for answer or other pleading. Nor can there be any logical reason for any such distinction as here contended for.

■ The purpose of a decree pro confesso is to expedite the trial of the cause and its final disposition. The register is endowed with much authority. We may note sections 6594 et seq., Code of 1923; section 6624, Code of 1923; Rules of Chancery Practice Michie's Code of 1928, pages 1940–1945—all of which refer to powers granted the register of equal and in many instances much greater significance than the authority to enter a decree pro confesso. And referring to this · particular

authority, we may further note Rule 48, Chancery Practice, Code of 1923, Vol. 4, p. 921, as to amendments to bills and decrees pro confesso thereon, wherein it is provided that "When the justice of the case requires it, the chancellor or register allowing the amendment may enlarge the time for answer." But we think this insistence needs no further elaboration.

We think it clear enough the register was authorized to enter the decree pro confesso in this case, and that it was regular in all respects.

It follows, therefore, there is no error, and the final decree is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.