2 So.2d 396

**BRUE v. VAUGHN et al.**

I Div. 129.

Supreme Court of Alabama.

May 15, 1941.

Rehearing Denied June 5, 1941.

Smith & Johnston, Jere Austill, and Charles B. Arendall, Jr., all of Mobile, for appellant.

324

Harry T. Smith & Caffey and Lyons & Thomas, all of Mobile, for appellees.

BOULDIN, Justice.

Appellees, by leave of the court, filed a bill of review to vacate a decree in equity theretofore rendered in a cause between the same parties, wherein appellant was complainant and appellees respondents, and to reopen that case for further proceedings therein.

This appeal is from a decree overruling a demurrer to the bill of review.

The bill of review exhibits the entire proceedings in "Mary Brue vs. Floyd S. Vaughn and Lillie B. Anderson, No. 12836 on the equity docket in Mobile Circuit Court," culminating in the decree here in question.

Do these proceedings disclose "error apparent on the record?"

We merely recite the substance of the record deemed pertinent to this inquiry. The bill in No. 12836, filed in 1939, avers that on and prior to June 7, 1915, respondents held a mortgage executed by complainant on certain described lands; that same was in default; that in lieu of foreclosure she executed to the mortgagees a deed of date June 7, 1915, and on same date, as part of same transaction, they ex-

ecuted to her an agreement in writing. The warranty deed and agreement in writing were made exhibits to the bill in No. 12836.

Without going into full details the agreement looked to a reconveyance of the lands on payment of the mortgage debt, and a further sum due by account, aggregating $1874.49, with interest, within two years, and further payment of some contingent sums, not important for present purposes. On failure to make payment as agreed, it was stipulated the agreement should become of no effect.

The bill, 12836, then avers payment of the amount due on account, and the sum of $553.06, on the "remainder of the debt secured by said deed" within the two-year period; and further alleges: "Thereafter she did pay or cause to be paid * * * the balance of said indebtedness secured by said deed."

It is alleged that the mortgagees refused to reconvey, and are in possession of the property; that they now hold the legal title in trust for the complainant.

The bill prayed that the deed be cancelled, the title reinvested in complainant, &c.

A demurrer challenging the equity of the original bill was sustained. The bill was amended, and a demurrer was sustained to the amended bill. The bill was again amended by adding Section 12 which appears in full in the report of the case.

The demurrer to the bill as thus amended was overruled, and ten days allowed for filing an answer.

Respondents suffered a decree pro confesso for failure to answer. Thereupon, complainant submitted the cause for final decree on the bill as amended and the decree pro confesso. Whereupon, a final decree was rendered divesting the title of respondents and vesting same in complainant. This decree is challenged by the present bill of review.

It will be observed the decree pro confesso was taken on the bill as last amended by the addition of Section 12. By this amendment, relief was sought on an alternate state of facts, cancellation, if the indebtedness had been paid in full, as averred; but, if mistaken in this averment, then the ascertainment of the balance necessary to redeem, or to perfect her right to a reconveyance, with an offer to pay same, and to do equity in the premises. The record, disclosing a submission on bill and decree pro confesso, negatives the taking of other evidence of payment.

Was there error in granting the relief which was granted in the final decree without other evidence?

"A decree pro confesso is regarded as an admission of the allegations of the bill, which are well pleaded." Johnson v. Kelly, et al., 80 Ala. 135.

This means allegations of fact, not conclusions of law.

"Bills in chancery must set forth, not the evidence, but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. * * *

"The decree pro confesso was an admission only of the facts that were well pleaded. It could not aid or supplement defective averments." McDonald v. Mobile Life Insurance Company, 56 Ala. 468, 469; 8 Alabama Digest, ☞ 419, page 610.

In 19 American Jurisprudence 249, § 361, the law is stated thus:

"A defendant who allows a pro confesso to be taken thereby in effect admits that the allegations of the bill are true; and in allowing a final decree to be entered, the court assumes the truth of the case made in the bill. It will be observed, however, that in granting a decree on pro confesso only those facts are assumed to be true that are well pleaded, and pleaded with sufficient certainty. A plaintiff is not entitled to have a final decree entered in his favor on an order pro confesso where the bill fails to state a case for relief; nor can he have a decree extending beyond the case stated in the bill. Moreover, the fact that a bill is taken as confessed is no justification for giving the plaintiff more than he claims. Consequently, the defendant against whom the pro confesso is taken is not precluded from contesting the sufficiency of the bill or from insisting that its averments do not justify the decree. * * *

"If a bill states a good ground of action and yet does not state the facts in sufficient detail to enable the court to make a proper decree thereon, the plaintiff may supplement his cause by putting in enough proof to enable the court to determine the rights of the parties with precision and justice. This practice is similar to that which requires the execution of a writ of inquiry after a judgment by default has been taken in an action at law. If a reference is necessary in order to determine the extent or amount of relief to which the defendant is entitled or to ascertain facts necessary for the court to know, a reference will be ordered. On such a reference, the order pro confesso must be taken as conclusive against the defendant on all points going to the merits of the case and covered by the interlocutory decree. A defendant cannot introduce evidence before a master which will impair the principle on which the decree ordering the reference is based. All that is properly open for inquiry is the question of the extent of the relief to which the party is entitled and such other incidental matters as it may be desirable for the court to know in order to carry the decree into effect."

This is in accord with our statute, Code of 1923, § 6603, New Equity Rule 33, Code 1940, Tit. 7, Appendix, 238 Ala. p. XXVII, which reads: "A defendant against whom a decree pro confesso has been taken can appear and contest a decree on the merits of the bill, or may appear before the register on a reference."

■ Under this statute, the respond-ent; suffering a decree pro confesso, is not put in such contempt as to close his mouth in all subsequent proceedings.

Being in default, he is not entitled to notice of further proceedings. Wright v. Wright, 205 Ala. 519, 88 So. 828.

■■ But he may voluntarily appear before the court to present questions of law going to the right of complainant to relief on the averments of the bill, or the kind and measure of relief to which complainant is entitled. This means not merely questions going to the jurisdiction of the court, but questions touching relief which may be granted without error. He may also appear on a reference to present evidence on questions of fact, the subject of inquiry under the decree of reference.

■ The decree pro confesso on the amended bill was, in our opinion, an admission that one of the alternative averments of fact touching payment was true, and no more. The amendment put an "if" in the matter of full payment vel non; seeks alternative relief on an assumption or admission that complainant may be mistaken in averment of full payment.

The amended bill took the usual form of bill for redemption. Fields v. Helms, 70 Ala. 460. The bill no longer averred full payment as a certainty. There was error in granting the relief divesting title, &c., without further evidence on the issue of payment in full.

This was "error of law apparent on the record," properly challenged by bill of review, notwithstanding a remedy by appeal. Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451, and cases there cited.

It becomes unnecessary to determine whether the general averment of full payment, in the light of other averments of the bill, including exhibits, was sufficiently definite, or was a mixed question of law and fact. Neither need we construe the deed and contemporary agreement; whether, within themselves, or in the light of the facts averred, the relation of mortgagor and mortgagee obtained; or that of an option to repurchase the property; nor the right to relief on full payment in either event; nor any question of laches on the face of the bill. We are here concerned only with the decree overruling demurrers to the bill of review. We find no error in that decree for reasons hereinbefore presented.

Affirmed.

GARDNER, C. J., FOSTER and LIVINGSTON, JJ., concur.