43 So.2d 121

## VALENZUELA et al. v. SELLERS.

### I Div. 335.

Supreme Court of Alabama.

Feb. 24, 1949.

Rehearing Granted Oct. 27, 1949.
Further Rehearing Denied Dec. 8, 1949.

Further Rehearing Denied Dec. 8, 1949.

Frank S. Coffin and Richard H. Coffin, Mobile, Richard L. Rives and John C. Godbold, Montgomery, for appellants.

. Vickers, Leigh & Thornton, Mobile, for appellee.

SIMPSON, Justice.

The decree pro confesso on which rested the final decree from which this appeal has proceeded was entered the thirtieth day after the rendition by this court of a decree overruling the demurrer to the bill of complaint, that appeal having issued from a decree in the circuit court sustaining the demurrer to the bill. That appeal is reported as Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517.

The primary contention for error now is that the register was without authority to render the decree pro confesso until the expiration of thirty days from the decree here overruling the demurrer and that the final decree under such circumstances was erroneous. The contention cannot be sustained.

This is not a case where a review is sought to revise the discretion of the chancellor in setting aside or refusing to set aside a decree pro confesso after the publishing of the testimony, but is to pronounce void the decree pro confesso rendered under the circumstances stated, on the theory that it was prematurely granted, and to invoke error in the rendition of the final decree resting on such decree pro confesso.

The procedure is regulated by Equity Rule 24, Code 1940, Tit. 7 Appendix, which pertinently provides: "When a demurrer is overruled, the defendant shall *forthwith* (we italicize) put in a plea or an answer, unless the court gives further time; and on failure to comply * * * a decree pro confesso may be entered * * *".

This provision is substantially the same as in old Chancery Rule 30, and in construing the provision, this court held in Pearce v. Kennedy, 232 Ala. 107, 166 So. 805, that where a demurrer had been overruled, there being no answer offered or filed nor time allowed therefor by the chancellor, a decree pro confesso may be entered without reference to time, and thereafter the case could then proceed to final hearing on the following day. This case exactly controls the instant situation and it would be reading into the rule an unwarranted extension to say that "forthwith" could be construed to mean an extension of the time to plead of thirty days from the rendition of the decree overruling the demurrer.

· Ex parte Jones, 246 Ala. 433, 20 So.2d 859, is no governing authority for the instant case. There the lower court over-

ruled the demurrer and allowed thirty days for further pleading, from which ruling an appeal was duly taken, thus having the effect of suspending the time until final affirmance of the decree in the appellate court; after which, there being no additional order relating to time, the thirty day period allowed by the original decree would be effective as of the date of filing of the certificate of the judgment of affirmance in the lower court.

In the case at bar no "further time" was allowed by the court within which to further plead and, under the rule 24, it was incumbent upon the defendants to plead *"forthwith"*, that is promptly, without delay and as we view it, the Pearce case is directly controlling. See also Thacker Creek Coal Co. v. Smith, 238 Ala. 22, 23, 189 So. 69, to the same effect.

■ Were we to overlook the stringency of the construction accorded the term in the above Pearce and Thacker cases, we would say, having regard for the context, "forthwith" connotes promptly, without delay and, when applied in Rule 24 to the performance of the act of pleading further, imports that the act shall be performed as soon as by reasonable exertion, confined to the subject, the act might be performed, 17 Words and Phrases, Perm. Ed., page 426, Mandatory Orders or Rules, Pocket Part, leading to the clear result that the performance of the act, so long delayed, fails to meet the demands of the rule.

On the record presented we see no escape from an affirmance of the decree.

■ The insistence, likewise, cannot be sustained, that the record reflects error in that, before the the last appeal, the trial court allowed the plaintiff to withdraw an amendment to the bill in order that the bill as theretofore filed might be reviewed, as against the then sustained demurrer. The withdrawal of such an amendment was within the discretion of the trial court, Southern Hardware & Supply Co. v. Block Bros., 163 Ala. 81, 82, 50 So. 1036; Deholl v. Pim, 219 Ala. 372, 373, 122 So. 320; 41 Am. Jur. 511, § 318; 49 C. J. 660, § 935, and this court on that appeal held the bill sufficient, Sellers v. Valenzuela, 249 Ala.

627, 32 So.2d 517, and we are not disposed to again review the question.

The contention is also unsustainable that the register was without authority to enter the decree pro confesso. When acting within the limits of Rule 24, he had authority to grant such a decree; nor were the defendants, who were then in default, entitled to notice of the plaintiffs' application therefor. Equity Rule 32; Thacker and Pearce cases, supra.

Nor were the defendants entitled to notice of the last amendment to the bill striking one of the original defendants as a party, he not having been served with process. Other reasons aside, the other defendants were in default and no notice was due them. Equity Rule 28, subd. 1(g); Bell v. Bell, 245 Ala. 478, 481, 17 So.2d 666.

On the question of the sufficiency of the proof to sustain the decree, not only did the decree rest on a decree pro confesso, Rule 32, but there was sufficient legal evidence on which to rest a proper finding. The trial court is regarded as not having considered evidence which was illegal, irrelevant, incompetent or immaterial, under which circumstances, on appeal, the decree will be pronounced as well founded. Code 1940, Title 7, § 372(1), Cum. Supp.

■ Finally, no error appears in the ruling of the trial court denying the defendants' application for rehearing, the ruling on said motion not being reviewable on appeal unless the decree had been thereby modified. Rudolph v. Rudolph, Ala.Sup., 36 So.2d 902; Scott v. Scott, 247 Ala. 266, 24 So.2d 25; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Money v. Galloway, 236 Ala. 55, 181 So. 252; Equity Rule 62, Code 1940, Title 7 Appendix.

Our view is that no error is shown.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.

### On Rehearing

BROWN, Justice.

The former appeal reported as Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517, was

from a decree of the circuit court, sitting in equity, sustaining the respondent's demurrer to the bill as amended as of November 21, 1946. The demurrer embodied the ground "for want of equity" and specific grounds. The ruling was reversed, the court holding that the bill as so amended was not subject to the specific grounds assigned and that the demurrer for want of equity, in the light of the rule that amendable defects will pro hac vice be considered as amended, was not well taken.

■ The decree entered here on November 6, 1947, overruled the demurrer and remanded the cause for further proceedings without fixing any time for further pleading by the defendant. It does not appear in this record when the certificate of reversal reached the register's office but we judicially know from the general custom and course of handling the business in the clerk's office of this court that such certificates are promptly issued and placed in the mails and that such certificates would not reach the register's office in Mobile, Alabama, until the next day or the day following, the 7th or 8th of November.

■ We are, therefore, of opinion on more mature consideration that Equity Rule 24, Code of 1940, Tit. 7 Appendix, p. 1064, was not applicable to the situation confronting the circuit court and the parties at the time the decree pro confesso was entered and such rule was erroneously applied in the opinion heretofore promulgated. Rule 30 of "Chancery Practice" Code of 1923, Vol. 4, p. 917, the predecessor of Rule 24 of Equity Practice, provided "When a demurrer is overruled, the defendant shall forthwith put in sufficient *answer, unless the Chancellor gives further time*."—[Italics supplied.] The only change in the wording of the rule on bringing it forward into the present Code was the substitition of the words "the Court" in lieu of "the Chancellor", clearly indicating that said rule was dealing with the trial court where acting with the parties present in court.

An analogous situation is pointed out in the opinion of the court in Jones v. Henderson, *228 Ala. 273, 277-278, 153 So. 214, 218,*

where it was stated: "When a demurrer is sustained for the lack of averments which can be made to give it equity, complainants should be granted the right to amend, unless it shows that it (the decree) was rendered in open court in the presence of counsel for complainants, and that they then did not claim the right, or in the progress of a trial on a setting of the cause for hearing. The decree here effectually denied them the right. To this extent we think there was error in the decree. Ezzell v. First Nat. Bank, 218 Ala. 462, 119 So. 2." [Parenthesis supplied.]

An examination of the authorities shows that this analogy is of long standing and essential to the trial of causes on their merit and the due administration of justice. Gilmer v. Wallace, 75 Ala. 220; Gilmer v. Morris, 80 Ala. 78, 88, 60 Am.Rep. 85; J. Pollock & Co. v. Haigler et al., 195 Ala. 522, 70 So. 258; Davidson & Son v. Rice, 201 Ala. 508, 78 So. 862. In Olds v. Marshall, infra, written by Chief Justice Stone wherein there was a variance between the allegations and proof, it was stated in the opinion: "The decree of the chancellor is reversed, and a decree here rendered, ordering that unless, within 40 days after the certification of this decision to the Chancery Court, complainant's bill is so amended as to make it conform to the testimony, then her bill is to stand dismissed." Olds v. Marshall, 93 Ala. 138, 8 So. 284, 285.

■ A different rule obtains when the decree is rendered in open court in the presence of the solicitors of the parties. Equity rule 24 is then applicable. Ezzell v. First Nat. Bank, supra.

The application of equity rule 24 is not sustained by Pearce v. Kennedy, 232 Ala. 107, 166 So. 805, cited in the original opinion. In that case the court had under consideration the sufficiency of a *strict bill of review*, involving the simple question of whether the rendition of a final decree in default of answer, without first entering a decree pro confesso *was error apparent*, which would sustain the bill, or was this a mere procedural irregularity which should have been reviewed on direct appeal and was waived by the failure to appeal.

Nor does the decision of the court in Thacker Creek Coal Co. v. Smith, 238 Ala. 22, 23, 189 So. 69, 70, sustain the application of equity rule 24 to the situation presented on this record. In that case, to quote from the opinion:

"The decree on demurrer was rendered October 1, 1938, and forty days were allowed for answer. Defendants, on November 10, 1938, requested extension of time, and ten days additional were allowed. The extended time expired, and no answer having been filed, complainant requested and obtained a decree pro confesso before the register on Tuesday, November 22, 1938. The final decree rendered on that same date was set aside, and a final decree entered November 23, 1938, on the bill and decree pro confesso granting the relief prayed, and from this last decree defendants prosecute the appeal.

"The only question here presented relates to the validity of this final decree which is here assailed upon the sole ground that the decree pro confesso, upon which it is rested, was improperly entered. Pearce v. Kennedy, 232 Ala. 107, 108, 166 So. 805; Hamaker v. Whitfield, 200 Ala. 286, 76 So. 52.

"It is argued the decree pro confesso was erroneous upon two grounds: The first, that it was entered by the register on a day other than Monday (section 6503, Michie's Code of 1928) is fully answered by the amendatory act of February 14, 1931 (General Acts 1931, page 44), amending section 6503, and expressly providing therein that the register 'shall have power to render decrees pro confesso on any day in all cases in which service has been perfected.' Section 6503, Michie's 1936 Cumulative Supplement to the Code of 1928 (Code of 1940, Tit. 13, § 210). The second ground is rested upon the theory that the power of the register to enter a decree pro confesso is limited to those cases where there has been no general appearance by demurrer or otherwise.

"But no such restriction is stated in the statute, and the decree pro confesso to be obtained under Rule 30, Chancery Practice, Code of 1923, Vol. 4, p. 917, is not so limited. And, indeed, as we read section 6569, Code of 1923, its concluding language is properly to be construed as having reference to a situation as here presented, that is, *where demurrer is overruled and time extended for answer or other pleading.* Nor can there be any logical reason for any such distinction as here contended for." [Italics and parenthesis supplied.]

■■■ This is a clear interpretation of equity rule 30, now equity rule 24, to the effect that when the ruling is not made in open court in the presence of the solicitors of the parties, a reasonable time should be given the parties to plead further. This is fully supported by our decisions and the analogy of equity rule 17, allowing 30 days to plead when no other time is specified and the decree overrules the demurrer of the defendant to the bill (as in this case) and thirty days from the filing of the mandate certificate from this court with the register, is such reasonable time. Ex parte Jones, 246 Ala. 433, 20 So.2d 859; Thacker Creek Coal Co. v. Smith, 238 Ala. 22, 189 So. 69; Olds v. Marshall, 93 Ala. 138, 8 So. 284. Where a case is presented not expressly within a rule or statute, Courts of Equity to meet the ends of justice will apply analogous rules or statutes. Gordon's Adm'r. v. Ross & Wife, 63 Ala. 363; Manegold et al. v. Beavan, 189 Ala. 241, 66 So. 448.

■■ Applying said rule 17, it appears on the face of the decree pro confesso that it was prematurely entered and is an irregularity which must work a reversal of the decree. Madden v. Floyd, 69 Ala. 221.

LIVINGSTON, LAWSON and STAKELY, JJ., concur in the foregoing part of the opinion. FOSTER and SIMPSON, JJ., dissent.

The writer, however, is further of the opinion that the only allegation in the bill in respect to the alleyway or property upon which the complainant seeks to establish an easement is in the following words: "That between the property of complainant and the above named respondents, and along the western boundary of complainant's property, lies an alleyway or automobile driveway situate entirely *or partly* on the property to which complainant owns record title and which serves complainant's said property as

a means of ingress and egress to and from the rear of the same. * * * "

Where a party relies on an easement for offensive or defensive purposes, the settled rule of pleading is that the party's title and right to the easement must be set forth in detail in his bill, complaint or plea, and if claimed by prescription it must be described by definite width, length, route and termini. 17 Am.Jur. p. 1037, § 154. Or, as otherwise stated, "the right to an easement as a defense must be specially pleaded, and the facts showing such right must be set forth with great particularity and exactness." 28 C.J.S., Easements, § 67, page 734; Crosier v. Brown, 66 W.Va. 273, 66 S.E. 326, 25 L.R.A.,N.S., 174; Cleve v. Nairin, 204 Ky. 342, 264 S.W. 741.

The long established rule of our decisions is that "bills in chancery must set forth not the evidence but every material averment of fact necessary to complainant's right of recovery. So complete must be the averment of facts that on demurrer or decree pro confesso the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed. Relief can only be granted on allegations and proof and the latter will never be allowed to supply omissions or defects in the former. Allegations admitted or proved are the only premise which will uphold the chancery decree." McDonald v. Mobile Life Ins. Co., 56 Ala. 468, 470. This Rule has been persistently reasserted and rewritten into the laws of this state down to and including April 21, 1949. Morgan v. Stokes, 252 Ala. 335, 40 So.2d 425. The same learned jurist who wrote the opinion in the case of McDonald v. Mobile Life Ins. Co., supra, reaffirmed this doctrine in Conner and Wife v. Smith, 74 Ala. 115, 118, where he observed: "There is a generality and indefiniteness of averment, pervading alike the original and amended bills, which fall short of the rules required in pleading. Bills, in their statements of fact, should be so clear and specific, as that defendants may be informed what is claimed, what they are required to answer, and that the court may know what decree to render, in case of demurrer, or decree pro confesso.

* * * " McDonald v. Mobile Life Ins. Co., 56 Ala. 468.

The same learned jurist, applying the same rule, in Johnson v. Kelly et al., 80 Ala. 135, 136, observed: "It is insisted that the decree pro confesso is a consent. The bill does not aver consent, and none is disclosed by the record. A decree pro confesso is regarded as an admission of the allegations of the bill, *which are well pleaded.* The defendants are not thereby precluded to appear, and contest the decree on the merits of the bill. The court will only make such decree, as it would have made on the state of the pleadings, had there been no default, and the allegations of the bill had been proved. * * * While a decree pro confesso is an admission of the facts alleged, it is not an admission, that the complainant is entitled to equitable relief, unless authorized by the allegations of the bill; and is not a consent that the relief prayed for may be granted." [Italics supplied.]

In Johnson v. Hattaway, 155 Ala. 516, 46 So. 760, 761, decided May 21, 1908, this court speaking through Justice Simpson (the elder) said: " 'While a decree pro confesso is an admission of the facts alleged, it is not an admission that the complainant is entitled to equitable relief, unless authorized by the allegations of the bill and is not a consent that the relief prayed for may be granted.' * * * "

In Reese, Jr., v. McCurdy, 121 Ala. 425, 25 So. 918, 919, this court, speaking by Justice Dowdell, one of the leading chancellors of Alabama, observed:

"The bill is not without equity, as contended by appellant, but we do think it is defective in some of its averments. One of the material purposes of the bill is to have a lien decreed on the property purchased with partnership funds, but it fails to point out or describe the property. 'It is a principle of universal application in pleading, founded on reason and good sense, that the title of the plaintiff should be stated with sufficient certainty and clearness to enable the court to see clearly that he has such a right as warrants its interference, and the defendant to be distinctly informed of the nature of the cause

he is called upon to defend.' 'So complete must be the averments of fact that on demurrer, or decree pro confesso, the court can, *without evidence,* be able to perceive and affirm that complainant is entitled to the relief prayed.' * * * 'The matters essential to complainant's right to relief must appear, not by inference, but by clear and unambiguous averment.' (Citation of authority.) 'Relief can only be granted on allegations and proof, and the latter will never be allowed to supply omissions or defects in the former.' * * *

"Take the bill as confessed with its present allegations, upon what property would or could the the court decree a lien in favor of complainant? It is plain that the question itself demonstrates the insufficiency of the averment in the bill. Besides, the defendant has a right to know, and should be informed by the pleading, what property is sought to be charged with a lien, to enable him to answer and make his defense. This feature of the bill is, in effect, a bill to declare a resulting trust in property. In such a bill it is essential that the defendant should know what property the complainant claims a trust in, and what he is called upon to answer. The bill is vague and indefinite in its averments, in not describing the property which it alleges was purchased with partnership funds, or assigning a reason for not so doing, and on that account was open to demurrer. * * *"

This doctrine was reasserted and followed in the cases now cited. Browder v. Board of Commissioners of City of Montgomery et al., 228 Ala. 687, 155 So. 366; Jackson-Haisten & Co. v. McDowell, 235 Ala. 12, 14, 177 So. 129; Brue v. Vaughn et al., 241 Ala. 322, 325, 2 So.2d 396; Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898; Birmingham Gas Co. v. City of Bessemer, 250 Ala. 137, 33 So.2d 475.

In the final decree from which this appeal is prosecuted, the boundary line between the complainant's property and that of the defendant was fixed as follows: "From the Southeast corner of Government and Houston Streets in the City of Mobile, run Eastwardly along the South side of Government Street one hundred seventeen (117) feet, six (6) inches to an iron stake, which is the point of beginning of said boundary line, thence deflecting to the right with an angle of 102°, 59', run Southwardly 197.2 feet to an iron stake on the North line of an alley, the Northern boundary line of which alley is the South boundary line of plaintiff's property, said point being the South end of said boundary line." *The bill alleges no such boundary line.* This aside, there is an absence of allegation in the bill as to the width or length of the alleyway and the segment of the same on the property of the respondents on which the complainant seeks to establish said easement, rendering the allegations of the bill wholly uncertain as to how much of respondents' property will be taken or incumbered by the easement.

The decree also gives the complainant a perpetual easement over and across the following described property: "That property bounded on the East by the boundary line herein established, on the North by the South curb line of Government Street, on the West by the East side of the house on the property of defendants and the extension of such line Northwardly to the South curb line of Government Street, and bounded on the South by the portion of a line which runs Westwardly and at right angles to the Southwest corner of the house on the property of the plaintiff, which lies between the East and West boundary line hereinabove set forth, for the passage of foot passengers and vehicles to and from Government Street to the rear of plaintiff's property hereinabove described." No such boundaries of said easement are stated in the bill.

These errors, under the uniform decisions of this court, *constitute errors apparent on the record* which will support a strict bill of review. Brue v. Vaughn, supra; Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451. Therefore, to sustain the decree from which this appeal is prosecuted would invite further litigation by a bill of review for errors apparent.

The appellee, before she perfected her appeal reported as Sellers v. Valenzuela et al., 249 Ala. 627, 32 So.2d 517, recognized the insufficiency of the averments of her

bill to warrant the establishment of an easement and by amendment filed on the 11th day of February, 1947, alleged: "Complainant claims by prescription title to or in the alternative an exclusive easement over a strip of land immediately west of and adjacent to the above described record boundary line having a front on the South side of Government Street of 2 feet 8 inches and extending Southwardly with equal width along said line to a board fence in that she and her predecessors in title have been in continuous possession of said strip of land under claim of ownership and have had exclusive use of the same for more than twenty-five years as a part of said driveway affording means of ingress or egress to and from the rear of said property. * * *"

This amendment was withdrawn to perfect the former appeal and was never refiled and when the decree pro confesso was taken was not a part of the bill. Moreover, the decree does not follow any such description.

Within three days after the rendition of the final decree, towit December 9th, 1947, the respondents filed a motion to set aside the final decree and the decree pro confesso on sundry grounds, among others: That the respondents have a meritorious defense to that said cause which they will be unable to submit to the court if the last two decrees are allowed to stand. Because there will be a miscarriage of justice if these respondents are denied the privilege of having their day in court. Because to allow the two aforementioned decrees to stand will work injustice on respondents and be in direct violation of the principles of this court of equity. Because there was no time fixed by the Supreme Court of Alabama when they ruled on the demurrer in this cause for the respondents to file an answer and the respondents are entitled to a reasonable time and a reasonable time has not expired since the time said decree was taken; because the respondents were entitled to 15 days to file motion for rehearing in this cause in the Supreme Court of Alabama and the cause was not without the bosom of the court until the expiration of said fifteen days and they should be allowed a reasonable time for the expiration of said 15 days within which to file their answer. Because the respondents have been put to considerable expense in regard to this cause by being taxed with the cost of the appeal in this cause which they have paid and should be allowed to remain in court to properly protect their interests and make suitable and proper defense to that action, and other grounds. This motion was accompanied by full answer to the bill, alleging, among other things, that Guillermo Valenzuela is the sole owner of the property which is alleged to be the property of all respondents in the bill. That the other respondents have no interest therein and in paragraph 8 of the answer that:

"Respondents deny that a dispute exists between the Complainant and the above named respondents or any of them as to the true and correct boundary line between their respective properties. Respondents further allege that in truth and in fact just a short while back the complainant filed a suit against one of the respondents in this cause involving the same property herein involved, and at that time a survey of both complainant and respondents property was made at the instance of the complainant, by Durant Engineering Company of Mobile, Alabama, and the true and correct boundary line was established and agreed to by and between the complainant and the respondent Adela Valenzuela one of the respondents herein and said boundary line was marked off with stakes by the said Durant Engineering Company, and the respondents have never claimed or attempted to claim over or beyond that strictly up to the line established by the said complainant through the Durant Engineering Company of this City, and which line so established the complainants are still ready, willing and agreeable to have established as the true and correct division line which they have at all times contended to be the said true and correct boundary line, and pray the court to so decree in this cause.

"Having fully and completely answered each and every allegation of the bill filed against them, complainants pray that the said bill be forthwith dismissed and they be

allowed to recover their costs herein incurred. Respondents pray for such other further and different relief they may (be) entitled to in the premises."

In passing on the demurrer on the former appeal it was observed: "To sustain a bill to enjoin the obstruction of an easement, except as incidental to other equitable relief, it must appear that the remedy at law is either doubtful, difficult or not sufficient to grant adequate relief. Lide v. Hadley, 36 Ala. 627, at page 635, 76 Am. Dec. 338. An action for damages is not sufficient when the obstruction is permanent or continuous, or destroys the right itself. Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559; Malone v. Decatur Cotton Compress Co., 211 Ala. 522, 100 So. 807; 28 Corpus Juris Secundum, Easements, § 107. The allegations of the bill are sufficient in this respect to sustain the equity of a bill for that purpose *as against the claim that there is an adequate remedy at law.* Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246. Moreover, it is incidental to the equitable power of the court to establish a disputed boundary line." Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517, 518. [Italics supplied.]

Nothing was said on that appeal with respect to the sufficiency or insufficiency of the description of the property on which the easement was sought to be established. That point was not raised by specific demurrer. As before stated, the effect of that holding is that the allegations of the bill are sufficient against the claim that there is an adequate remedy at law, which was raised by the general demurrer "for want of equity" in the bill.

If, as alleged in the respondents' answer attached to and made a part of the motion to vacate the final decree and the decree pro confesso, Guillermo Valenzuela was the sole owner of the property involved in the litigation, which is evidenced by said answer and the bill filed by said respondents against Sellers (Sellers v. Valenzuela, 249 Ala. 620, 32 So.2d 520), the other respondents were not proper or necessary parties to the bill filed by Mr. Sellers against them. Still they were subjected to and mulcted with costs of the litigation and some of

them adjudged guilty of contempt as a result of the decree rendered in her case. If the averments of said answer are taken as true, that there is no dispute as to the eastern boundary line of Sellers' property (as set out in paragraph 8 of the answer hereinabove set out), supported in substance by the ex parte testimony of the appellee (complainant) taken after the decree pro confesso was rendered that the same has been surveyed by and between the parties and fully understood and agreed upon, then Sellers' bill is wholly without equity and will not sustain the decree which the court rendered.

We are, therefore, of opinion that the circuit court abused its discretion in not vacating and setting aside said decree and the decree pro confesso so as to allow the parties to try the controversy on its merits. Morgan v. Stokes, supra; Ex parte Jones, 246 Ala. 433, 20 So.2d 859.

For the errors noted in the first division of this opinion concurred in by LIVINGSTON, LAWSON and STAKELY, JJ., the application for rehearing is granted and the motion to dismiss the appeal overruled. The decree is reversed and the cause is remanded to the circuit court, in equity.

The respondents have thirty days within which to plead as they may be advised.

Rehearing granted. Motion to dismiss appeal overruled.

Reversed and remanded.

SIMPSON, Justice (concurred in by Mr. Justice FOSTER), dissenting:

On the basis of the original opinion, first above, Mr. Justice Foster and I dissent, entertaining the view that there is no rational basis for the application of any other principle and that the rehearing opinion is manifestly fallacious. In addition to the reasoning of the first opinion, if anything else be needed to point out the fallacy of the majority view, we call attention to the following:

(1) Equity Rule 1 clearly makes Equity Rule 24 applicable and has been entirely overlooked or ignored in the majority opinion. This equity rule provides, inter alia, that "these rules [all equity rules,

152

Rule 24 being one—we interpolate] govern the procedure * * * in the Supreme Court of Alabama". Hence this rule has been patently violated by resorting to some nebulous and unsound analogy to import a rule for the exigencies of the present case. "Hard cases make bad law."

(2) If Rule 24 and Rule 1 are to be thus ignored and an analogy sought after, then Equity Rule 118 would control, since it stipulates that if no equity rule may be found applicable to a given situation, then we are remitted to the practice in effect in the English court of chancery prior to the Judicature Act of 1873 for apposite analogy. The practice then was that allowance of more time to answer after demurrer was not a matter of right but of grace to be awarded on application to the court. Trim v. Baker, 1 Turner & Russell 253; Cook v. Bamfield, 3 Swanston's Chancery Reports 606 (1673); Rowley v. Eccles, 1 Simons & Stuart 511 (1823); 1 Smith's Chancery (Amer.Ed.1893) 213; Lube's Equity Pleading (Amer.Ed.1846) 48; 1 Daniell's Chancery Pleading & Practice (6th Amer.Ed. 1884) 600.

(3) If all of the foregoing rules and applicable principles are to be ignored, then if any circuit court rule is to be extracted from its proper setting as a sustaining analogy, Equity Rule 28, subd. 1 (c) should be used as the proper one, which stipulates that after the defendant has plead to a bill of complaint and an amendment to the bill has been filed, the defendant shall be allowed twenty days (not thirty) after service of the amendment within which to plead.

(4) We have recognized the force and effect of Rule 24 as applicable to the given situation by, ourselves, stipulating in such cases the time within which a defendant may further plead and allowing sometimes twenty and sometimes thirty days. Larkins v. Howard, 252 Ala. 9, 39 So.2d 224, 79 A. L.R.2d 541; Birmingham Gas Co. v. City of Bessemer, 252 Ala. 380, 41 So.2d 293; White v. Manassa, 252 Ala. 396, 41 So.2d 395; Woods v. Sanders, 247 Ala. 492, 25 So.2d 141. There are, of course, many other cases.

We, therefore, respectfully dissent.