MADDOX, Justice.
These petitions for the writ of mandamus present the question whether a personal representative of a deceased plaintiff has the right to file a separate wrongful death action in a circuit court other than the one in which the deceased plaintiffs original personal injury action is pending.
The question presented is whether the personal representative of the estate of a deceased plaintiff must amend a personal injury action (pending in the forum chosen by the original plaintiff) in order to include a claim for the original plaintiff’s wrongful death, or whether the representative can file a separate action, in another circuit court, for the original plaintiff’s wrongful death, against the same defendants.
We hold that a personal representative must amend the original personal injury action to include any claims for wrongful death, and may not file a separate wrongful death action in a forum different from the one chosen by the original plaintiff in his or her personal injury action.
On October 8,1992, Ruby Blankenship and her husband Harmon, residents of Henry County, Alabama, were involved in an automobile accident with Charles Wayne Wetzel in Houston County, Alabama. At the time of the accident, Wetzel was an employee of Accurate Warehouse, Inc. On October 26, 1992, the Blankenships filed a personal injury action in Henry County Circuit Court against Wetzel, Burnham Service Company, and Allstate Insurance Company.[1]
*1272 Ruby Blankenship died on November 7, 1992. On January 11, 1993, James Blankenship, Ruby Blankenship’s executor and a resident of Barbour County, was properly substituted as a plaintiff in the personal injury action. On March 5, 1993, the defendant Wetzel filed a motion to transfer the case from Henry County to Houston County on the grounds of forum non conveniens. The case was transferred to Houston County and was set for trial for the week of December 14, 1993.
On November 23, 1993, the plaintiffs filed an amendment to their complaint (hereinafter called the “first amendment”). This first amendment added a wrongful death count based on § 6-5-410, Alabama Code 1975. The plaintiffs alleged that Ruby Blankenship’s death was a result of the injuries that were the subject of the personal injury action. The defendants filed a motion to strike this first amendment; the plaintiffs filed a motion to allow it. Several days later, however, the plaintiffs filed a second amended complaint (hereinafter called the “second amendment”). This second amendment added several new defendants, including Accurate Warehouse, Inc., and purported to withdraw the wrongful death claim that had been included in the first amendment. Shortly afterwards, the Houston County Circuit Court continued the pending actions before it until the next trial term.
On December 14,1993, James Blankenship filed a separate wrongful death action in the Barbour County Circuit Court, naming as defendants both the original defendants in the first complaint and the three new defendants that were added by the second amendment.
On January 14, 1994, the defendants moved to strike the second amendment before the Houston Circuit Court; the plaintiffs responded by moving that the court allow the second amendment. On January 24, 1994, the Houston Circuit Court denied the motion to strike and granted the motion to amend, but did not specify which motion and which amendment. Upon a motion to clarify its order, the court held a hearing, and on February 12, 1994, noted on its docket sheet:
“Defendants withdraw their first Motion to Strike and the Court grants Defendants’ 2nd Motion to Strike, disallowing the Amendment by Plaintiff withdrawing the wrongful death claim from this court. The result of the foregoing action is that all claims (i.e., personal injury and death claims) would remain in this case.”
In the wrongful death action in Barbour County, the defendants filed motions to dismiss, or, in the alternative, to transfer the case on the ground that venue in Barbour County was improper. The Barbour County Circuit Court held a hearing on March 24, 1994, and denied the defendants’ motions; the Barbour County judge held that venue was proper, that no other wrongful death action was pending when the Barbour County action was filed, and that there was no compelling reason for a change of venue. It is regarding this ruling that the defendants seek a writ of mandamus, asking this Court to direct the Barbour Circuit Court to dismiss the wrongful death action or to transfer the action to Houston County.
We note that a writ of mandamus is an extraordinary remedy, requiring a showing that there is: “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
Also, it is well settled that “In cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue to control the exercise of discretion except in a case of abuse.” Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990) (emphasis added). We conclude that in this case the Barbour County Circuit Court has abused its discretion, and that we should grant the petition and issue the writ of mandamus.
Regarding the personal representative’s first amendment of the personal injury *1273 complaint and the inclusion of the -wrongful death count, we first note that such an amendment is permitted. See King v. National Spa & Pool Institute, Inc. 607 So.2d 1241 (Ala.1992). In that case, a majority of this Court held: “Should the plaintiff die as a result of the injuries alleged in the original personal injury suit, the properly substituted personal representative may amend the original complaint to add a wrongful death claim.” 607 So.2d at 1246.
The parties disagree on the proper interpretation of the above-quoted statement from King. The petitioners argue that it should be interpreted to mean that the personal representative must amend the original personal injury complaint; the respondent contends that it is purely discretionary with the personal representative as to whether to amend the complaint or to file a separate action, and that King permits the filing of a separate action elsewhere.
King does not specifically address this question. We agree with the petitioners’ position that such an amendment should be mandatory, especially as in this case, where the parties in the two actions are identical and the separate causes of action arise from the same set of facts. Rule 1(c) of the Alabama Rules of Civil Procedure mandates that the rules be construed “to secure the just, speedy and inexpensive determination of every action.” To interpret the holding in King to permit the separation and prosecution of two separate actions — one based on personal injury and the other based on wrongful death, with identical parties and arising from the same set of facts — would violate both the letter and spirit of the Rules of Civil Procedure. In King, when this Court permitted a personal representative to amend a pending personal injury action to add a claim of wrongful death, it did not intend to give the personal representative the right to file a separate action.
We also agree with the petitioners that the plaintiff James Blankenship’s subsequent commencement of the wrongful death action in Barbour County violates the rule set out in § 6-5 — 440, Ala.Code 1975:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.”
Plaintiff Blankenship argues that the filing of the second amended complaint (purporting to withdraw the wrongful death count and to add new defendants to the personal injury case) acted to dismiss the first amendment and enabled him to file the wrongful death action elsewhere. We disagree. Once a party files an amendment to a complaint in a court of proper jurisdiction, and motions to strike or to allow it are filed, all parties must await the court’s ruling as to whether the amendment will be allowed. Until it rules, no further action may be taken without the consent of the court. See Valenzuela v. Sellers, 253 Ala. 142, 43 So.2d 121 (1949); Southern Hardware & Supply Co. v. Block Bros., 168 Ala. 81, 82, 50 So. 1036 (1909).
Based on the foregoing, we hold that the personal representative in this case was not free to decide unilaterally to go elsewhere, and that the Barbour County Circuit Court was not free to hear a second wrongful death action. As we noted in Ex parte Liberty National Life Ins. Co., 631 So.2d 865, 867 (Ala.1993).
“‘“It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and no court of coordinate authority is at liberty to interfere with its action....”
“ ‘... “All the authorities recognize the importance of carefully preserving the boundary line between courts of concurrent jurisdiction, in order to prevent conflicts, and to preserve in harmony their relations to one another.” ’ ”
(Quoting Ex parte Burch, 236 Ala. 662, 665, 184 So. 694, 697 (1938).)
It is clear that the Houston County Circuit Court applied the principles of law we hold are applicable when that court on February *1274 12, 1994, stated, regarding its ruling, “The result of the foregoing action is that all claims (i.e., personal injury and death claims) would remain in this case”.
Accordingly, we hold that the plaintiff’s separate wrongful death action was improperly filed in Barbour County, and that the Barbour County Circuit Court abused its discretion in allowing it to remain there. This Court hereby grants the petitioners’ writ of mandamus and directs the Barbour County Circuit Court either to dismiss the wrongful death action before it or to transfer the case to the Circuit Court of Houston County.
WRIT GRANTED.
HOUSTON, STEAGALL, INGRAM and COOK, JJ., concur.
SHORES, J., concurs in the result.

. Allstate Insurance Company, the Blankenships' carrier of underinsured motorist coverage, elected to opt out and to await the trial's outcome *1272 pursuant to Lowe v. Nationwide Insurance Co., 521 So.2d 1309 (Ala.1988).